United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 17, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————————

No. 02-41795
SUMMARY CALENDAR

—————————————————

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JAMES KNIGHT

Defendant - Appellant

_____

Appeals from the United States District Court
for the Southern District of Texas
(C-02-CR-198-1)

_____

Before REYNALDO G. GARZA, DAVIS, and BARKSDALE, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal we review James Knight's (hereinafter, "Knight") conviction and sentence

pursuant to 18 U.S.C. § 2252(a)(2) for receiving computer images of child pornography. For the

following reasons, we dismiss the appeal in part and affirm the district court's decision in part.

---

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Knight pleaded guilty to four counts of receiving computer images of child pornography, in violation of 18 U.S.C. § 2252(a)(2). As part of Knight's Presentence Report, it was noted that the district court should impose special conditions of supervised release. The conditions included requiring Knight to register as a sex offender, requiring him to submit to DNA testing, and prohibiting him from owning or using a computer with Internet access without the permission of his Probation Officer.

Knight objected to the special conditions of release, arguing that restricting his access to computers would interfere with possible future employment. The district court sentenced Knight to 33 months' imprisonment, followed by three years' supervised release. Partially sustaining Knight's objection to the special conditions of release, the district court ordered that Knight could not own or use a computer at home or at work with Internet or email access without permission from his probation officer. The court also ordered that any computer used by Knight must be blocked from accessing child pornography Internet sites. Finally, the district court ordered that Knight cooperate with the collection of a DNA sample pursuant to section 3 of the DNA Analysis Backlog Elimination Act. This appeal timely followed.

## II.

## RESTRICTIONS ON COMPUTER ACCESS

Knight alleges that the conditions of his release regarding computer and Internet usage are overbroad. We review the district court's conditions of supervised release for abuse of discretion. *United States v. Paul*, 274 F.3d 155, 170 (5th Cir. 2001). Knight also argues that the district

court gave the Probation Office too broad of an authority to oversee his computer use. Because Knight raised this argument for the first time on appeal, we review the decision for plain error. *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994).

Conditions of supervised release must be reasonably related to the history and characteristics of the defendant and must impose no greater deprivation of liberty than reasonably necessary to deter criminal conduct and protect the public. 18 U.S.C. § 3583(d). The district court has wide discretion in imposing conditions of supervised release. *United States v. Phipps*, 319 F.3d 177, 193 (5th Cir. 2003). Knight argues that the restrictions placed on his computer usage are a greater deprivation of his liberty than necessary because he did not victimize anyone with his computer, because none of the images found on his computer were violent, and because he needs a computer to earn a living.

First, Knight's claim that he did not victimize anyone with his computer is without merit and in contradiction to his guilty plea for receiving images of child pornography on his computer. His home computer was the primary tool for that offense. The fact that there were no images of violence on his computer in no way lessens the harm caused by the images of child pornography. Finally, Knight's argument that the restrictions on his computer use will affect his ability to get a job as a financial analyst is unconvincing. Knight's employment history shows that he has worked for less than a year in a finance-related position. He has worked as a janitor, test scorer, stock clerk, waiter, and bartender. Thus, his livelihood is not dependent on him having access to a computer. The district court's restriction is narrowly tailored and is reasonably related to Knight's offense. *Paul*, 274 F.3d at 170. Knight has not demonstrated any adverse impact on his ability to earn a living. *Id.* Thus, Knight has failed to show that the restrictions constitute an

abuse of discretion or plain error. *Id.* The district court's special condition of supervised release restricting Knight's use of computers and the internet is affirmed.

## III.

## RIPENESS REQUIREMENT

Knight also challenges the special condition of supervised release requiring him to cooperate in the collection of DNA samples pursuant to section 3 of the DNA Analysis Backlog Elimination Act. However, this court lacks jurisdiction to review Knight's argument. *United States v. Carmichael*, 343 F.3d 756, 760-62 (5th Cir. 2003). Thus, this portion of Knight's appeal is dismissed for lack of jurisdiction.

## IV.

## CONCLUSION

For the foregoing reasons, we dismiss the appeal in part and affirm the decision in part.