IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 28, 2008

Charles R. Fulbruge III
Clerk

No. 07-51491

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BRIANE NICOLE WOODS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas, Midland/Odessa

Before KING, HIGGINBOTHAM, and WIENER, Circuit Judges.

PER CURIAM:

Defendant-appellant Briane Nicole Woods appeals the district court's imposition of a discretionary condition of supervised release forbidding her from residing with any person to whom she is not ceremonially married or related by blood. We conclude that the condition is overbroad and involves a greater deprivation of liberty than is reasonably necessary to achieve the purposes of supervised release. Thus, the district court abused its discretion by imposing a supervised release condition that fails to meet a requirement set forth in 18 U.S.C. § 3583(d). We vacate the condition of supervised release, affirm the remainder of the sentence, and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Woods appeals the district court's imposition of a discretionary condition of supervised release prohibiting her from residing "with anyone that [she is] not ceremonially married to or related to by blood during the term of [her] supervised release" (the "residency condition"). On August 7, 2007, a jury found Woods guilty of two counts of distribution and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and one count of engaging in conduct causing bodily injury to another with intent to retaliate, in violation of 18 U.S.C. § 1513(b)(2). Woods does not dispute her conviction.

Woods's sole argument on appeal challenges the district court's authority to impose the residency condition. On December 13, 2007, the district court sentenced Woods to three concurrent terms of 120 months of imprisonment. The court also sentenced Woods to concurrent supervised release terms of five years on Count I and three years each on Counts II and IV. The court imposed many conditions of supervised release. Among these conditions, the court ordered Woods to refrain from associating with anyone who is a convicted felon or anyone engaged in criminal activity. The court also mandated that Woods have no contact with co-defendant Laquisha Powell or with Billy Beck, Carol Lawrence, or Bobby Washington, the other individuals involved in Woods's underlying criminal activity. Finally, the district court imposed the residency condition.[1]

At sentencing, Woods's attorney objected to the residency condition on the basis that it deprived Woods of her constitutional right to liberty. Responding to the objection, the district court mentioned that the 18 U.S.C. § 3553(a) sentencing factors apply and that the purpose of supervised release is to help

---

[1] The district court articulated three versions of the residency condition—two oral and one written. The parties rely on the first oral version, which is consistent in all material respects with the written one, as the relevant condition. We do the same.

people to reintegrate into society. It then justified the residency condition on the ground that Woods needs stability in her home. It recited a number of destabilizing factors in Woods's life that ostensibly led to her criminal behavior, including her lack of a father figure, her mother's decision to have two children with a man other than Woods's father, the detrimental influence of Woods's peer group, Woods's decision not to marry the father of her one-year-old child and her unborn baby, his failure to provide support, her prolonged drug and alcohol abuse, and her lack of steady employment. Notably, at the time Woods was arrested in March 2007, she was living with her mother.

Woods timely appealed. We have jurisdiction under 28 U.S.C. § 1291.

## II. DISCUSSION

When the defendant objects at sentencing to the district court's imposition of a discretionary condition of supervised release, we review for abuse of discretion. United States v. Ferguson, 369 F.3d 847, 852–53 (5th Cir. 2004); United States v. Paul, 274 F.3d 155, 164–65 (5th Cir. 2001). A district court abuses its discretion when it imposes a discretionary supervised release condition that deviates from the requirements defined in § 3583(d).

Section 3583(d) grants the district court wide discretion to impose any supervised release condition that it considers to be appropriate.[2] That discretion

---

[2] Section 3583(d) provides:
The court may order, as a further condition of supervised release, to the extent that such condition—
> (1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);
> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
> (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a);

any condition set forth as a discretionary condition of probation in section 3563(b)(1) through (b)(10) and (b)(12) through (b)(20), and any other condition it considers to be appropriate.

is circumscribed by three specific requirements that the condition must meet. The first requirement is that the condition must be "reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D)." § 3583(d)(1). These factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1); the need "to afford adequate deterrence to criminal conduct," § 3553(a)(2)(B); the need "to protect the public from further crimes of the defendant," § 3553(a)(2)(C); and the need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," § 3553(a)(2)(D). Even if the condition is reasonably related to those sentencing factors, under the second requirement, it "cannot involve a greater deprivation of liberty than is reasonably necessary to achieve the latter three statutory goals." Paul, 274 F.3d at 165 (citing § 3583(d)(2)). Finally, the third requirement mandates that the condition must be "consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(a)." § 3583(d)(3).

Under these requirements, courts of appeals have affirmed discretionary conditions restricting a defendant's intimate associations where the district court appropriately defined the prohibited association and articulated a direct connection between the condition and a sentencing goal. See United States v. Smith, 436 F.3d 307, 311 (1st Cir. 2006) (affirming condition directing defendant to stay away from minor daughter because, inter alia, it served to protect public safety from defendant's agitated entries into schools in search of his daughter); United States v. Rodriquez, 178 F. App'x 152, 158–59 (3d Cir. 2006) (unpublished) (affirming condition prohibiting defendant from having contact with her husband because district court found that defendant committed crimes at her husband's behest); United States v. Brandenburg, 157 F. App'x 875, 878–80 (6th Cir. 2005) (unpublished) (affirming condition prohibiting defendant

4

from co-habitating with any female because defendant "has a history of abusing women with whom he lives" and narrower, previously imposed condition proved "inadequate to prevent the defendant from committing domestic violence"); United States v. Bortels, 962 F.2d 558, 559–60 (6th Cir. 1992) (affirming condition that defendant not associate with her fiancé because defendant "would not be in jail but for her association with [him]"; "her rehabilitation would be aided if she avoided future contact with [him]"; and she "already risked injuring innocent bystanders . . . in order to protect [him] from law enforcement authorities"). But cf. United States v. Jacques, 321 F.3d 255, 266 (2d Cir. 2003) (suggesting modification of standard supervised release condition prohibiting defendant's association with her common-law husband); United States v. Smith, 972 F.2d 960, 961–62 (8th Cir. 1992) (vacating condition prohibiting defendant from fathering additional children other than with his wife unless he demonstrated his ability to provide support to all his children). Thus, the district court may impose a condition restricting the defendant's intimate associations that involves no greater deprivation of liberty than is reasonably necessary to achieve the identified purposes of supervised release.

Nonetheless, the few courts to consider a supervised release condition that broadly restricts the defendant's right to reside with classes of people (as distinguished from individuals or groups with whom the defendant has a relevant history) have concluded that it violated the defendant's rights. On June 16, 2008, this court modified a sentence by striking the exact same condition as the district court applied here. See United States v. Torres, 281 F. App'x 394, 403 (5th Cir. 2008) (unpublished) (per curiam).[3] Torres was convicted and sentenced for aiding and abetting possession with intent to distribute heroin and

---

[3] The condition in Torres provided: "The defendant shall not reside with anyone who is not a blood relative, or that the defendant is not legally married to whether it be a civil or religious ceremony during the term of supervision." See Torres, 281 F. App'x at 403.

conspiracy to possess with intent to distribute heroin. Id. at 398. This court held that the residency condition was "overbroad and not reasonably related to Torres's offense, the need to protect the pubic, or Torres's rehabilitation." Id. at 403. The court reasoned that "if read literally, it would prohibit Torres from living with a step-brother." Id. Thus, the court struck the condition and remanded to allow the district court to impose an alternative condition. See also United States v. Worthington, No. 96-1597, 1998 WL 279379 (6th Cir. May 21, 1998) (unpublished) (rejecting condition preventing defendant from "residing with an unrelated, unmarried female" because reasonableness of its relation to sentencing goals was unclear and forbidding this long-term living arrangement was poorly designed to accomplish goal of preventing solicitation of prostitutes). Because Torres is not precedential, it is not binding on this court, see, e.g., United States v. Simkanin, 420 F.3d 397, 418 n.22 (5th Cir. 2005); nonetheless, we find it highly persuasive.

Here, the district court abused its discretion because the residency condition does not meet the standards set forth in § 3583(d). The government does not contest that Woods has a liberty interest in the intimate details of her personal life, including with whom she resides, but that concession is not outcome determinative. It is axiomatic that the infringement of constitutional liberties occurs concomitantly with conviction of a crime, see, e.g., Griffin v. Wisconsin, 483 U.S. 868, 874 (1987) (citing Morrissey v. Brewer, 408 U.S. 471, 481 (1972)), and many conditions of supervised release therefore permissibly infringe liberty interests. See § 3583(d) (listing standard conditions that inherently infringe defendant's liberty and requiring that other conditions involve "no greater deprivation of liberty than is reasonably necessary"); see also United States v. Stafford, 983 F.2d 25, 28 (5th Cir. 1993) (holding that condition is "not necessarily invalidated merely because it impairs" enjoyment of constitutional rights). In this case, the district court implied that the lack of

stability in Woods's home life contributed to her criminal conduct, and we agree that Woods's history is a relevant consideration and that the district court may impose limitations on a convict's living arrangements to ensure that she avoids recidivism.

Yet, this particular residency condition is overbroad and involves a greater deprivation of Woods's liberty than is reasonably necessary to achieve sentencing purposes. See § 3583(d)(2) (cross-referencing the sentencing purposes in § 3553(a)(2)(B), (a)(2)(C) & (a)(2)(D)). Although Woods lived with her mother when she committed the crimes (and could, under the residency condition, live with her while on supervised release), the blanket condition forbids her from living with nonrelatives, including potentially stabilizing individuals such as a close friend or a permanent roommate who could help her to bear the costs of her living arrangements and to care for her children. In addition, less intrusive options serve the same purpose. For example, the standard conditions of supervised release require Woods to notify her probation officer of any change in residence at least ten days in advance, and if the probation officer determines that Woods intends to reside with someone who will foster recidivism, then the probation officer can petition the court for the imposition of a supervised release condition specific to the particular threat and consistent with § 3583's requirements.[4] Furthermore, the district court prohibited Woods from any contact with the specific individuals who were involved in her criminal activities and all other felons, limiting Woods's potential for recidivism based on risks known at this time. Thus, the district court abused its discretion by imposing a condition of supervised release that broadly prohibits her from living with

---

[4] See § 3583(e)(2) (permitting district courts to modify or add conditions during term of supervised release); Fed. R. Crim. P. 32.1(c); United States v. Emerson, 231 F. App'x 349, 353 (5th Cir. 2007) (per curiam) (unpublished) ("Section 3583(e)(2) vests a district court, after considering the factors set forth in § 3553(a), with broad discretion to modify a defendant's conditions of supervised release by adding special conditions at any time prior to the expiration or termination of the term of supervised release.").

anyone to whom she is not married or related by blood and thus involves a greater deprivation of liberty than is reasonably necessary for the relevant sentencing purposes, in violation of § 3583(d).

## III. CONCLUSION

For the above reasons, we VACATE in Woods's sentence all oral and written permutations of the following supervised release condition: "You shall not reside with anyone that you're not ceremonially married to or related to by blood during the term of your supervised release." We AFFIRM the remainder of her sentence and REMAND the case to the district court to allow it an opportunity to fashion an alternative supervised release condition, if it chooses, not inconsistent with this opinion.