**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-50869

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

VALENTINA BALDERAS,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:02-CR-113-2

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Valentina Balderas appeals from her 18-month sentence on revocation of probation and the imposition of a discretionary condition of supervised release prohibiting her from living with her husband. We affirm.

**I**

Valentina Balderas pleaded guilty to conspiracy to harbor aliens and was sentenced in 2002 to five years of probation. In 2006, she was convicted in North

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dakota of driving while her license was suspended and driving without liability insurance. As a result of these two state convictions, the district court modified Balderas's conditions of supervision to include the completion of 100 hours of community service.

In 2007, Balderas's probation officer petitioned the district court to issue a warrant for Balderas's arrest because she had failed to complete her community service. Balderas was arrested, appeared before the district court, and was subsequently released on a $10,000 bond. A revocation hearing was scheduled for April 14, 2008.

Prior to that hearing, Balderas's probation officer filed an amended petition alleging an additional violation of her conditions of supervision. The petition noted that Balderas had been indicted for conspiracy to possess marijuana with intent to distribute and for possession of marijuana with intent to distribute after she and her husband were arrested with marijuana in a vehicle in which both were traveling. Balderas's husband pled guilty to and was convicted of possessing marijuana with intent to distribute and was sentenced to a term of imprisonment. The Government subsequently notified the district court that the indictment against Balderas was being dismissed and that the Government would be proceeding to revoke her probation based only on Balderas's failure to complete 100 hours of community service.

At the revocation hearing, Balderas apologized for failing to complete her community service but contended that her husband had been abusive and had prevented her from performing the required hours of community service. She also stated that, because of this family violence, she lost custody of her granddaughter. Balderas and her counsel informed the court that she had been shot and stabbed by her husband during incidents in the past. The district court expressed disbelief that spousal abuse was the actual cause of Balderas's failure to complete community service, and the court revoked her probation. The

district court sentenced Balderas to 18 months' imprisonment, to be followed by a three-year term of supervised release. As a special condition of her supervised release, the district court ordered Balderas not to live with her husband. The district court justified the special condition by citing Balderas's and her husband's prior criminal records, the evidence of spousal abuse, and the court's belief that, at the time Balderas and her husband were arrested for possession with intent to distribute marijuana, she was aware that her husband possessed and intended to distribute the illegal drugs.

Balderas timely appealed. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## II

The district court's order is reviewed for plain error because, as Balderas acknowledges, she failed to object to her sentence before the district court.[1] We will disturb a district court's determination only when: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights.[2] Where such error is demonstrated, this court has the discretion to correct the error, but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[3]

In imposing a sentence upon revocation of supervised release, a district court is required to consider the factors set forth in 18 U.S.C. § 3553(a) and the advisory policy statements found in Chapter Seven of the United States

---

[1] *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

[2] *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009); *see also United States v. Gonzales*, 484 F.3d 712, 714 (5th Cir. 2007) ("Under plain-error review, we first inquire whether the district court's imposition of the enhancement was erroneous and, if so, whether the error was plain (i.e., clear or obvious).").

[3] *Puckett*, 129 S. Ct. at 1429.

Sentencing Guidelines.[4] The sentencing ranges are based on both the defendant's criminal history and the severity of the defendant's supervised-release violation.[5] A district court may revoke its previous sentence and impose a term of imprisonment,[6] but it may not exceed the statutory maximum term of imprisonment allowed for the revocation sentence, as set forth in § 3583(e)(3). Because Balderas's original offense of conspiracy to harbor illegal aliens was a Class C felony, the maximum sentence that could be imposed on revocation was 24 months.[7] Balderas had a criminal history category of III, and the supervised release violation was a Grade C violation,[8] resulting in an advisory guidelines range of 5 to 11 months of imprisonment.[9]

Balderas argues that her above-guidelines, 18-month sentence is unreasonable because the district court impermissibly considered the possession of marijuana charge that was later dismissed by the Government. She asserts that the alleged drug offense was improperly used because it was never established by a preponderance of the evidence that she was guilty of the offense.

The record does not support Balderas's argument that the district court impermissibly considered the dismissed marijuana charges in sentencing her.

---

[4] *See United States v. Mathena*, 23 F.3d 87, 90 (5th Cir. 1994) (observing that when imposing a sentence following revocation, the district court is directed to consider the factors enumerated in 18 U.S.C. § 3553(a), including the nonbinding policy statements of the Sentencing Guidelines); *United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996); U.S.S.G. ch. 7, pt. A, introductory cmt.

[5] U.S.S.G. §§ 7B1.4(a), 7B1.1(b) (2009).

[6] 18 U.S.C. § 3583(e).

[7] 8 U.S.C. § 1324(a)(1)(A)(v)(I) & (B)(i) (providing that the statutory maximum sentence is 10 years); 18 U.S.C. § 3559(a)(3) (stating that an offense with maximum prison term of less than 25 years but 10 or more years is a Class C felony); *id.* § 3583(e)(3) (stating that maximum prison term upon revocation for a Class C felony is not more than 24-months' imprisonment).

[8] U.S.S.G. § 7B1.1(a)(3).

[9] U.S.S.G. § 7B1.4(a).

While the district court did discuss the dismissed charges, it was only in connection with Balderas's credibility. The record reflects that the district court did not find credible Balderas's statement at the revocation hearing that "it wasn't [her] fault" that she failed to complete her community service hours but was instead her abusive husband's fault. In discussing Balderas's credibility, the district court cited the arrest for possession of marijuana and the fact that the court did not believe that Balderas was unaware of the drugs hidden in the truck being driven by her husband at the time of the arrest. In determining the length of Balderas's sentence, the court stated that it considered the fact that Balderas had "been in and out of prison since 1977" for various crimes and had been given many opportunities to avoid imprisonment, including the imposition of only supervised release following her conviction for conspiracy to harbor illegal aliens.

The district court expressly stated when rendering the sentence that it had considered the policy statements and that an 18-month sentence was a more appropriate sentence than the advisory guidelines range. This 18-month sentence is within the statutory maximum, and although it exceeded the recommended guidelines range, it is not unreasonable or plainly unreasonable.

## III

Balderas also alleges that the condition of her supervised release prohibiting her from living with her husband is an unconstitutional restraint on her freedom to associate and maintain certain intimate human relationships and is a greater deprivation of liberty than is reasonably necessary. In addition to these challenges, Balderas argues that the district court's special condition of supervised release is tantamount to divorce and would essentially render her homeless. Because Balderas raised these arguments for the first time on appeal,

5

we review for plain error.[10]

A court may impose conditions on a defendant's term of supervised release. In addition to certain mandatory conditions, 18 U.S.C. § 3583(d) (2008) provides that a court may impose "any condition set forth as a discretionary condition of probation in section 3563(b)(1) through (b)(10) and (b)(12) through (b)(20), and any other condition it considers to be appropriate."

Although a district court has broad discretion in imposing conditions on supervised release, such conditions must be reasonably related to the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D).[11] The statutory factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need to afford adequate deterrence to criminal conduct, (3) the need to protect the public from further crimes of the defendant, and (4) the need to provide the defendant with needed [training], medical care, or other correctional treatment in the most effective manner.[12]

Even if the condition is reasonably related to the above factors, the court may not impose conditions that "involve a greater deprivation of liberty than is reasonably necessary to achieve the latter three statutory goals."[13] Additionally, the conditions must be "consistent with any pertinent policy statements issued

---

[10] *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994).

[11] *United States v. Ferguson*, 369 F.3d 847, 852 (5th Cir. 2004).

[12] *Id.* (internal quotation marks and citations omitted) (brackets in opinion). Although these factors are connected by the "and" conjunction, *see* 18 U.S.C. § 3583(d)(1); U.S.S.G. § 5D1.3(b)(1), "the critical test is whether the challenged condition is sufficiently related to *one or more* of the permissible goals of supervised release." *United States v. York*, 357 F.3d 14, 20 (1st Cir. 2004) (quoting *United States v. Brown*, 235 F.3d 2, 6 (1st Cir. 2000)) (emphasis in *York*); *see also United States v. Barajas*, 331 F.3d 1141, 1146 (10th Cir. 2003) (noting that every circuit to have decided the issue has adopted this interpretation notwithstanding the conjunction "and").

[13] *Ferguson*, 369 F.3d at 852 (internal quotation marks and citation omitted).

by the Sentencing Commission pursuant to 28 U.S.C. 994(a)."[14]

"It is axiomatic that the infringement of constitutional liberties occurs concomitantly with conviction of a crime, and many conditions of supervised release therefore permissibly infringe liberty interests."[15] "Virtually all conditions of supervised release restrict a defendant's liberty."[16] Special conditions that restrict constitutional rights are upheld if they are narrowly tailored and are directly related to deterring the defendant and protecting the public.[17] Accordingly, "the district court may impose a condition restricting the defendant's intimate associations that involves no greater deprivation of liberty than is reasonably necessary to achieve the identified purposes of supervised release."[18]

The district court imposed the following condition on Balderas's supervised release: "If defendant is abused by anyone, she is to report it to the police and upon her release the defendant will NOT live with her husband." In this case, the district court implicitly, if not explicitly, concluded that Balderas's

---

[14] *Id.* (internal quotation marks and citation omitted).

[15] *United States v. Woods*, 547 F.3d 515, 519 (5th Cir. 2008) (internal citations omitted); *see also* 18 U.S.C. § 3583(d) (listing standard conditions that inherently infringe a defendant's liberty and requiring that other conditions involve "no greater deprivation of liberty than is reasonably necessary"); *Griffin v. Wisconsin*, 483 U.S. 868, 874 (1987) (citing *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)); *United States v. Stafford*, 983 F.2d 25, 28 (5th Cir. 1993) (holding that a condition is "not necessarily invalidated merely because it impairs" enjoyment of constitutional rights).

[16] *United States v. Brown*, 235 F.3d 2, 7 (1st Cir. 2000).

[17] *United States v. Crandon*, 173 F.3d 122, 128 (3d Cir. 1999); *see also United States v. Knight*, 86 F. App'x 2, 4 (5th Cir. 2003) (unpublished) ("Conditions of supervised release must be reasonably related to the history and characteristics of the defendant and must impose no greater deprivation of liberty than reasonably necessary to deter criminal conduct and protect the public."); *United States v. Bortels*, 962 F.2d 558, 560 (6th Cir. 1992) (finding that "where a condition of supervised release is reasonably related to the dual goals of probation, the rehabilitation of the defendant and the protection of the public, it must be upheld").

[18] *Woods*, 547 F.3d at 518.

cohabitation with her husband contributed to her criminal conduct and that she was in danger of abuse from her husband.

We cannot say, in light of existing precedent, that the district court plainly erred in prohibiting Balderas from living with her husband during her supervised release. Under similar circumstances, courts of appeals have affirmed discretionary conditions restricting a defendant's intimate associations when the district court appropriately defined the prohibited association and articulated a direct connection between the condition and a sentencing goal.[19]

In *United States v. Bortels*, the district court imposed a condition of supervised release prohibiting the defendant from associating with her fiancé because she had endangered the community at large in a high-speed chase to protect him from arrest.[20] Prior to sentencing, the district court observed that the defendant would not have been in jail but for her association with her fiancé.[21] The district court reasoned that her rehabilitation would be aided if she

---

[19] *See e.g., United States v. Smith*, 436 F.3d 307, 311-12 (1st Cir. 2006) (affirming condition directing defendant to refrain from seeing minor daughter because, inter alia, it served to protect public safety from defendant's agitated entries into schools in search of his daughter); *United States v. Rodriguez*, 178 F. App'x 152, 158-59 (3d Cir. 2006) (unpublished) (affirming condition prohibiting defendant from having contact with her husband because district court found that defendant committed crimes at her husband's behest); *United States v. Brandenburg*, 157 F. App'x 875, 878-80 (6th Cir. 2005) (unpublished) (affirming condition prohibiting defendant from cohabitating with any female because defendant "has a history of abusing women with whom he lives" and narrower, previously imposed condition proved "inadequate to prevent the defendant from committing domestic violence"); *Bortels*, 962 F.2d at 559-60 (affirming condition that defendant not associate with her fiancé because defendant "would not be in jail but for her association with [him]"; "her rehabilitation would be aided if she avoided future contact with [him]"; and she "already risked injuring innocent bystanders . . . in order to protect [him] from law enforcement authorities"). *But see United States v. Jacques*, 321 F.3d 255, 266 (2d Cir. 2003) (suggesting modification of supervised release condition prohibiting defendant's association with her common-law husband); *United States v. Smith*, 972 F.2d 960, 961-62 (8th Cir. 1992) (vacating condition prohibiting defendant from fathering additional children other than with his wife unless he demonstrated his ability to provide support to all his children).

[20] 962 F.2d at 559-60.

[21] *Id.* at 559.

avoided future contact with the person who had induced her criminal conduct.[22] The Sixth Circuit affirmed the district court, holding that "where a condition of supervision is reasonably related to the dual goals of probation, the rehabilitation of the defendant and the protection of the public, it must be upheld."[23]

Likewise, in *United States v. Rodriguez*, the district court imposed a special condition of supervised release prohibiting the defendant from having contact with her husband absent approval from a probation officer.[24] The Third Circuit affirmed, concluding that the record made clear that the defendant committed her crimes at the husband's behest.[25] The court held that limiting the defendant's contact with her husband was directly related to "the purpose of reducing his ability to induce her to commit crimes and protecting the public from further offenses."[26] The court concluded that, because her husband's influence led directly to the defendant's crimes, the special condition limiting contact between the spouses was appropriate in light of their marital history.[27]

Supervisory conditions that implicate fundamental rights such as freedom

---

[22] *Id.* at 559.

[23] *Id.* at 560.

[24] 178 F. App'x 152, 158 (3d Cir. 2006) (unpublished).

[25] *Id.*

[26] *Id.* (citing *United States v. Sicher*, 239 F.3d 289, 290-92 (3d Cir. 2000) (concluding release conditions are permissible even where they may impact family relationships)).

[27] *Id.; see also United States v. Crume*, 422 F.3d 728, 734 (8th Cir. 2005) (upholding condition barring defendant possessor of child pornography from seeing own son without prior approval of probation officer); *United States v. Myers*, 426 F.3d 117, 125 (2d Cir. 2005) (noting that condition barring defendant convicted of child pornography from contact with own son without prior approval acceptable if intended to protect children).

of association are subject to careful review, but they are not invalid per se.[28] Rather, the test for ascertaining whether a release condition is permissible remains the "reasonably related" test described above, qualified, as always, by the statutory requirement that a condition invade a defendant's liberty no more than reasonably necessary in light of the goals the condition is meant to serve.

Balderas's history and characteristics are relevant considerations, and it was within the district court's discretion to impose reasonable limitations on her living arrangements to ensure that she avoids recidivism.[29] While the record contains no direct evidence that Balderas committed crimes at her husband's behest, we find support in the record for imposition of the requirement that Balderas be prohibited from living with her husband. The district court implied that the condition of supervised release was intended to protect Balderas and help her avoid recidivism—both relevant considerations in the imposition of a discretionary condition of supervised release.[30] Furthermore, the supervised-release condition prohibiting a defendant from associating with convicted felons without permission is a standard condition of supervised release.[31]

Given the evidence in the record, the district court could reasonably believe that Balderas's husband might interfere with her rehabilitation and that prohibiting the couple's cohabitation was reasonably related to the purposes of supervised release.[32] As noted, such purposes include the need to deter further criminal conduct, the need to protect the public from further crimes by the

---

[28] *See United States v. Roy*, 438 F.3d 140, 144 (1st Cir. 2006) (affirming imposition of special condition restricting defendant's contact with girlfriend and children after his conviction for possession of child pornography).

[29] *See United States v. Woods*, 547 F.3d 515, 519 (5th Cir. 2008).

[30] *See id.*

[31] U.S.S.G. § 5D1.3(c)(9).

[32] *See United States v. Bortels*, 962 F.2d 558, 559 (6th Cir. 1992).

defendant, and the need to provide the defendant with effective correctional treatment.[33]

We reach no conclusion as to the validity of the special condition under a standard of review other than plain error.

* * *

The sentence imposed following revocation of supervised release and the conditions imposed following completion of that sentence are AFFIRMED.

---

[33] *See* 18 U.S.C. § 3583(d)(1); U.S.S.G. § 5D1.3(b).