FILED
United States Court of Appeals
Tenth Circuit

October 9, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

AUSTIN ALAN RAY,

    Defendant - Appellant.

No. 14-3126
(D.C. Nos. 6:13-CV-01407-EFM and
6:11-CR-10029-EFM-1)
(D. Kan.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.


Defendant-Appellant Austin Alan Ray, a federal inmate appearing pro se, seeks a certificate of appealability (COA) to challenge the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Because Mr. Ray has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a COA and dismiss the appeal.


Background

On August 2, 2011, Mr. Ray pleaded guilty to the knowing, intentional, and

unlawful receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2).

With a total offense level of 34 and a criminal history category of I, the

Guidelines range of imprisonment was 151 to 188 months. The district court

sentenced Mr. Ray to 102 months imprisonment and a seven-year term of

supervised release. Mr. Ray appealed the sentence and it was affirmed on appeal.

United States v. Ray, 704 F.3d 1307 (10th Cir. 2013).

Significant for our purposes here, the district court imposed seventeen

special conditions of supervised release. Among other conditions, the district

court (1) prohibited Mr. Ray from having unsupervised contact with minors; (2)

prohibited Mr. Ray from accessing or possessing *any* pornographic material,

including material that depicts only adults; (3) subjected Mr. Ray to periodic,

unannounced and/or random examinations of his computer and other Internet-

capable devices; and (4) required Mr. Ray to participate in an approved substance

abuse program and refrain from using alcohol and other intoxicants during the

term of the program.

Mr. Ray advanced two legal arguments in support of his § 2255 motion.

First, he claimed ineffective assistance of counsel, arguing that counsel should

have objected to several of the special conditions of supervised release. Second,

Mr. Ray raised a facial challenge to the sentencing range associated with USSG §

2G2.2, arguing that this range violates the Eighth Amendment's prohibition

against cruel and unusual punishment. The district court denied the § 2255

motion, rejecting the ineffective assistance claim for want of a showing of deficient performance and rejecting the Eighth Amendment claim as procedurally barred. United States v. Ray, No. 6:11–CR–10029–EFM, 2014 WL 1646889 (D. Kan. Apr. 23, 2014). On appeal, Mr. Ray reasserts these claims and, in addition, argues that the district court abused its discretion by (a) refusing to order a response from the government and (b) failing to conduct an evidentiary hearing.

Discussion

A COA is a jurisdictional prerequisite to an appeal from the denial of a § 2255 motion. See 28 U.S.C. § 2253(c)(1)(B); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). For those claims the district court denied on the merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). For those claims denied on procedural grounds, a movant must also demonstrate that the district court's procedural ruling was likewise debatable. Id.

The failure to raise an issue at trial or on appeal imposes a procedural bar to collateral review. United States v. Cervini, 379 F.3d 987, 990 (10th Cir. 2004). Despite this procedural bar, a movant can have the merits of his claim heard if he can establish that his claim fits within either one of two "well recognized exceptions." Id. First, a movant can overcome the procedural bar by showing

"both good cause for failing to raise the issue earlier, and that the court's failure to consider the claim would result in actual prejudice to his defense." Id. A successful claim for ineffective assistance of counsel "constitutes cause and prejudice for purposes of surmounting the procedural bar." United States v. Harms, 371 F.3d 1208, 1211 (10th Cir. 2004). Second, a movant may also overcome the procedural bar by showing that "a fundamental miscarriage of justice would result from a failure to entertain the claim." United States v. Richards, 5 F.3d 1369, 1370 (10th Cir. 1993) (internal quotation marks omitted).

A.     Ineffective Assistance of Counsel

To succeed on a claim for ineffective assistance of counsel, a movant must demonstrate (a) deficient performance and (b) prejudice. Strickland v. Washington, 466 U.S. 668, 688, 693 (1984). To establish deficient performance, a movant must show that his or her attorney's "acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. The attorney's performance must be assessed in light of "the facts of the particular case, viewed as of the time of counsel's conduct." Id. This "standard of review is highly deferential," Kimmelman v. Morrison, 477 U.S. 365, 381 (1986), because "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.

To establish prejudice, a movant "must show that there is a reasonable

probability that, but for his counsel's professional errors, the result of the proceeding would have been different." Id. at 694. The focus of the inquiry here is "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

Mr. Ray argues that the district court applied the Strickland test inflexibly and afforded counsel's performance too much deference. Aplt. Br. at 9. He suggests that recent Supreme Court case law governing ineffective assistance of counsel claims demonstrates that the Strickland standard is less deferential than the district court viewed it. See Missouri v. Frye, 132 S. Ct. 1399 (2012); Lafler v. Cooper, 132 S. Ct. 1376 (2012); Padilla v. Kentucky, 559 U.S. 356 (2010). This argument is without merit. While recent cases have applied the Strickland test in new and different contexts, none of these cases call into question the deference that a reviewing court gives an attorney's conduct, viewed at the time of decision-making. Moreover, the cases cited by Mr.Ray—all cases dealing with defense counsel's duty to provide the defendant with accurate information during the plea negotiation process—simply do not lower the bar for a petitioner making an ineffective assistance claim.

District courts have considerable discretion in setting the conditions of supervised release. United States v. Hanrahan, 508 F.3d 962, 970 (10th Cir. 2007). Any conditions imposed, however, must be both constitutional and satisfy

the statutory requirements set out in 18 U.S.C. § 3583(d). United States v. Hahn,

551 F.3d 977, 982 (10th Cir. 2008). Accordingly, these conditions must:

> First, . . . be reasonably related to at least one of [the] following: the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medical, or other correctional needs. Second, they must involve no greater deprivation of liberty than is reasonably necessary to achieve the purpose of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation. Third, they must be consistent with any pertinent policy statements issued by the Sentencing Commission.

United States v. Mike, 632 F.3d 686, 692 (10th Cir. 2011) (citations omitted).

We consider the various conditions below.

1.    Restriction on Unsupervised Contact With Minors

The district court's conclusion that Mr. Ray's counsel did not perform

deficiently when he failed to object to, and/or appeal from, this special condition

is not reasonably debatable given circuit authority. Despite Mr. Ray's contention

that this condition is vulnerable to attack on overbreadth and vagueness grounds,

this court has upheld the imposition of similar conditions. Mike, 632 F.3d at

696–98. In Mike, this court held that such restrictions are neither overbroad nor

vague because they "do not extend to casual [sic] or chance meetings." Id. at 697

(quoting United States v. Loy, 237 F.3d 251, 269 (3d Cir. 2001)). Because Mike

was decided before Mr. Ray was sentenced and is binding precedent in this

circuit, the failure to object to the imposition of this special condition was not an

omission that rendered counsel's performance objectively unreasonable. Therefore, the district court properly concluded that Mr. Ray's claim as to this special condition fails the first prong of the Strickland test.

2.  Restriction on Access to, and Possession of, Adult Pornographic Materials

Likewise, the district court's rejection of the failure to challenge this condition as ineffective assistance is not reasonably debatable. As noted by the district court, such conditions are often imposed in connection with child pornography offenses. Ray, 2014 WL 1646889, at *6. Mike is in accord. Mike, 632 F.3d at 700 n.9. Looking beyond Mike, there is ample case law holding that restrictions on the possession of *all* pornographic materials are permissible when the defendant is now, or has been, convicted of a sex offense. See, e.g., United States v. Thompson, 653 F.3d 688, 694 (8th Cir. 2011); United States v. Thielemann, 575 F.3d 265, 272–758 (3d Cir. 2009); United States v. Vinson, 147 F. App'x 763, 773 (10th Cir. 2005). The Sixth Amendment guarantee to effective counsel simply does not require defense counsel to object to, and appeal from, conditions of supervised release that have been upheld in a number of federal courts of appeals and are often considered "standard" sex offender conditions. See Mike, 632 F.3d at 690 (noting that a restriction on possessing "any sexually explicit materials" is one of the "district's standard sex offender conditions").

3.  Consent to Access and Examine Computers and Other Internet-Capable Devices

There is substantial support for these types of conditions in case law.  See United States v. Goddard, 537 F.3d 1087, 1089–90 (9th Cir. 2008); United States v. Knight, 86 F. App'x 2, 3 (5th Cir. 2003).  Indeed, probationary searches of a convict's person and effects are not at all uncommon.  See, e.g., United States v. White, 244 F.3d 1199, 1208 (10th Cir. 2001).  Given a conviction for receiving and distributing child pornography over the Internet, the nexus between this condition and the offense is apparent.  Further, the Sentencing Guidelines specifically recommend such conditions.  See USSG § 5D1.3(d)(7)(C).  With all of this in mind, Mr. Ray's attorney was not required to lodge a constitutional attack against the validity of these conditions in order to meet the standard of objective reasonableness.  The district court's rejection of the failure to challenge this condition as ineffective assistance is not reasonably debatable.

4.      Mandatory Participation in an Approved Substance Abuse Program

Finally, Mr. Ray challenges his lawyer's performance because he did not object to the special condition requiring Mr. Ray to participate in an approved substance abuse program, refrain from the use of drugs or alcohol during participation in the program, and share in its costs (based on his ability to pay).  But the district court cited to evidence in the record that Mr. Ray admitted to smoking marijuana three to six times per day up until November 2010 and that Mr. Ray's psychiatric evaluation revealed that he suffered from cannabis dependence.  Ray, 2014 WL 1646889, at *8.  Additionally, the district court noted

that Mr. Ray admitted to consuming alcohol either every month or every other month, despite the fact that Mr. Ray was 20 years old when he entered his guilty plea. Id. The district court's rejection of the failure to challenge this condition as ineffective assistance is not reasonably debatable given the factual basis for the condition.

B.     Eighth Amendment Challenge to USSG § 2G2.2

Mr. Ray also contends that § 2G2.2 of the Sentencing Guidelines violates the Eighth Amendment's prohibition against cruel and unusual punishment. According to Mr. Ray, the sentencing range associated with § 2G2.2 is "grossly disproportionate" to the underlying offense—especially for first-time offenders. Aplt. Br. at 10–12. The district court's conclusion that Mr. Ray's Eighth Amendment challenge is procedurally barred and that he has failed to establish either (a) cause and actual prejudice, or (b) a fundamental miscarriage of justice is not reasonably debatable. Mr. Ray makes no argument that his attorney was ineffective for failing to make this constitutional challenge. Rather, he only argues that he could find no legal authority to support his facial challenge. But several of the legal authorities cited by Mr. Ray in his motion to the district court—authorities criticizing the legal and policy bases for child pornography sentences—were published well before Mr. Ray's conviction. Furthermore, a cursory look at cases from around the country demonstrates that Eighth Amendment challenges to child pornography sentences are not at all uncommon.

See, e.g., United States v. Polk, 546 F.3d 74 (1st Cir. 2008); United States v. Paton, 535 F.3d 829 (8th Cir. 2008); United States v. Johnson, 451 F.3d 1239 (11th Cir. 2006).

Mr. Ray similarly cannot establish that a failure to entertain his Eighth Amendment claim will result in a fundamental miscarriage of justice. "The fundamental miscarriage of justice exception to procedural default is a markedly narrow one, implicated only in extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually innocent." United States v. McGaughy, 670 F.3d 1149, 1159 (10th Cir. 2012) (internal quotations and citations omitted). Here, Mr. Ray makes no attempt to assert actual innocence, but rather attempts only to attack—in a facial, as opposed to as-applied manner—the legislative judgment behind child pornography sentences. Accordingly, we do not find that a failure to entertain Mr. Ray's claim will result in a fundamental miscarriage of justice.

Lastly, Mr. Ray contends that the district court abused its discretion by not compelling the government to respond to his § 2255 motion. According to Mr. Ray, if the district court had ordered a response, and Mr. Ray's counsel had an opportunity to reply, the district court might have concluded that he was entitled to relief. Given the legal nature of the issues, no evidentiary hearing was required and we cannot say that the district court abused its discretion by resolving the legal issues without the government's assistance. See 28 U.S.C. §

2255(b); Rule 4(b), Rules Governing Section 2255 Proceedings.

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge