# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41447
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 21, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

THOMAS DAVID THOMPSON,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-566-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Thomas Thompson pleaded guilty of possession of child pornography.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41447

During the investigation, police learned that Thompson had sexually abused his stepdaughter and step-granddaughter when they were young. The district court sentenced him to ninety-seven months in prison and a life term of supervised release ("SR"). The court imposed several special conditions of SR related to the sexual abuse, including a prohibition against "contact with any minor child without being supervised by an adult family member of the child." The court also imposed a condition requiring Thompson to obtain consent from his probation officer before having contact with his step-granddaughter "or [her] family, and that's the little girl, including letters, communication devices, audio or visual devices, visits, or any contact through a third party." Thompson contends that the court plainly erred by imposing the latter condition, although he concedes that it is appropriate as applied to his stepdaughter and step-granddaughter.

"A district court has wide discretion in imposing terms and conditions of [SR]." *United States v. Paul*, 274 F.3d 155, 164 (5th Cir. 2001). "[SR] conditions may include barring a defendant . . . from associating unnecessarily with specified persons." *United States v. Rodriguez*, 558 F.3d 408, 412 (5th Cir. 2009) (internal quotation marks and citations omitted). "It is axiomatic that the infringement of constitutional liberties occurs concomitantly with conviction of a crime, and many conditions of [SR] therefore permissibly infringe liberty interests." *United States v. Woods*, 547 F.3d 515, 519 (5th Cir. 2008) (internal citations omitted).

The district court may impose "any . . . condition it considers to be appropriate" so long as the condition meets the following criteria: (1) it "is reasonably related to the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);" (2) it "involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and

(a)(2)(D);" and (3) it "is consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d). The referenced sentencing factors are "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), along with "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct," § 3553(a)(2)(B), "to protect the public from further crimes of the defendant," § 3553(a)(2)(C), and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," § 3553(a)(2)(D).

We typically review special conditions of SR under a "deferential abuse-of-discretion standard, pursuant to *Gall [v. United States*, 552 U.S. 38, 51 (2007)]." *Rodriguez*, 558 F.3d at 412. Plain-error review applies here, however, because Thompson made no objection to the condition in the district court. *See United States v. Phipps*, 319 F.3d 177, 192 (5th Cir. 2003). We give "considerable deference to the judgment of the district court" in reviewing conditions of SR for plain error. *United States v. Ellis*, 720 F.3d 220, 228 (5th Cir. 2013) (internal quotation marks and citation omitted). To establish plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). An error is not clear or obvious if it is subject to reasonable debate. *Id.* If the appellant makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Thompson contends that the condition restricting his access to the victims' adult family members is overly broad because they are also his family. He claims that he has no relevant history that would justify the restriction and that the condition is unrelated to the nature and circumstances of the offense,

his history or characteristics, the need to deter crime, the need to protect the public, or his need for rehabilitation. He complains that the district court failed to define the scope of the condition narrowly or to explain how it furthers any relevant sentencing goals. For the first time in his reply brief, he also maintains that the failure to explain how the condition relates to the statutory sentencing factors itself was plain error. We do not, however, ordinarily consider arguments raised for the first time in a reply brief. *United States v. Aguirre-Villa*, 460 F.3d 681, 683 n.2 (5th Cir. 2006).

Thompson further urges that, even if the condition were reasonably related to applicable sentencing factors, it represents a greater deprivation than necessary of his liberty interest in associating with his adult family members, including his wife and son. He argues that the restriction will impede rather than promote his rehabilitation, one of the sentencing goals. According to Thompson, the condition could have been narrowly tailored to apply only to the two victims or in situations in which he was attempting to use another family member to reach them. He contends that the separate condition requiring adult supervision by a family member, any time he has contact with a minor, sufficiently addresses any concern that he will have contact with a child in the family.

According to Thompson, the challenged condition is similar to the restriction at issue in *United States v. Torres*, 281 F. App'x 394, 403 (5th Cir. 2008), that prohibited the defendant from living with anyone other than blood relatives or a spouse. There we found that the district court had plainly erred by imposing the condition because it had no relation to the defendant's offenses, the need to protect the public, or his rehabilitation and would prevent him from living with his step-brother. *Id.* Thompson also relies on *Woods*, 547 F.3d at 517–18, which likewise involved a condition barring a defendant convicted

4

of a drug offense from living with anyone other than a blood relative or spouse. The district court in *Woods* attributed the defendant's criminal behavior to a series of destabilizing factors, including her lack of a father figure, her mother's decision to have two children with another man, her long-term drug and alcohol abuse, and a lack of steady employment. *Id*. at 516–17. Although the district court stated that the condition was imposed to provide the defendant stability in her home, we pointed out that she was living with a blood relative, her mother, at the time of her arrest and could live with her again under the residency condition. *Id*. at 516–17, 519. We noted that the residency restriction might prevent her from living with potentially stabilizing nonrelatives. *Id*. at 519. We concluded that the condition was not reasonably related to the sentencing factors and that a less intrusive condition could satisfy the goal of stability. *Id*. at 518–19.

*Woods* and *Torres* are distinguishable because the residency conditions restricted the defendants' ability to associate with "classes of people (as distinguished from individuals or groups with whom the defendant has a relevant history)." *Woods*, 547 F.3d at 518. In contrast, the condition here reasonably relates to Thompson's relevant history with a specific group, the adults in his family. The record reflects that he uses his familial connections to access the children that he sexually abuses (including connections made through his wife, who wrote a letter in his support to the district court). The district court found that Thompson is "a predator" who poses a "threat to children and to society" and is especially dangerous because of his seemingly harmless, fatherly persona—likening him to a "loaded gun that nobody even realizes is there." Thompson admitted that he has a sickness that causes him to engage in sexual abuse. The condition requiring him to obtain the probation officer's consent before he contacts the victim's family thus relates to his history and

characteristics, the nature of his offense, the need for deterrence, and the need to protect the public.  Additionally, the extent of the intrusion on Thompson's liberty interest differs from the absolute bar against association present in *Torres* and *Woods*, because Thompson must only obtain his probation officer's consent before contacting family members.

The instant case is more analogous to *Ellis*, 720 F.3d at 223, in which the defendant also was convicted of possessing child pornography, had a history of sexually molesting children in his family, and was sexually abused as a child.  The court imposed a life term of SR with conditions that included absolute bars against "contact with persons under the age of 18" and accessing or loitering at locations where children frequently congregate.  *Id.* at 223–24.  The conditions also required the probation officer's consent before the defendant could work or volunteer at a location where minors congregate, before he could "date or befriend anyone who has children under the age of 18," and before he could have unsupervised contact with minors at any location.  *Id.*  We found no abuse of discretion.  *Id.* at 225.

With respect to the condition in *Ellis* requiring the probation officer's consent before the defendant could date or "befriend" someone with minor children, we determined that the restriction was "reasonably related to public safety because Congress has made clear that children . . . are members of the public it seeks to protect."  *Ellis*, 720 F.3d at 226 (internal quotation marks and citation omitted).  We found no abuse of discretion even "though the conditions contain[ed] separate restrictions on contact with minors," where, as here, the evidence showed that the defendant "has a proclivity to use close relationships to reach children, as he reached [his nephews] through his relationship with their family."  *Id.*; *see also Rodriguez*, 558 F.3d at 410–11, 414–17 (finding no abuse of discretion in the imposition of condition requiring probation

officer's written consent before a defendant who had sexually assaulted his girlfriend's fifteen-year-old daughter could visit his own children).

In another analogous decision, albeit unpublished, we reviewed a special condition barring the defendant from living with her husband during her three-year term of SR. *United States v. Balderas*, 358 F. App'x 575, 578–82 (5th Cir. 2009). The defendant argued that the condition was "an unconstitutional restraint on her freedom to associate and maintain certain intimate human relationships and [wa]s a greater deprivation of liberty than [wa]s reasonably necessary." *Id.* at 578. She claimed that the condition was "tantamount to divorce and would essentially render her homeless." *Id.*

This court found no plain error, even though the court did not expressly rely on any of the sentencing goals in imposing the condition. *See id.* at 581. We concluded that any error in imposing the condition was not clear or obvious in light of caselaw from other circuits affirming conditions that restricted the defendant's intimate associations. *See id.* at 580–81 & n.19 (collecting cases). The district court had implicitly found that the defendant's "cohabitation with her husband contributed to her criminal conduct" and that "she was in danger of abuse from her husband." *Id.* at 580. In light of the evidence, the court could have determined that the condition was reasonably related to the need to deter further criminal conduct, protect the public, and provide effective correctional treatment to the defendant. *Id.* at 581.

Taking account of the analogous cases and the evidence of Thompson's "proclivity to use close relationships to reach children," *Ellis*, 720 F.3d at 226, the condition requiring him to obtain the probation officer's consent before contacting adult family members is subject to reasonable debate. Accordingly, any error in imposing the condition was not clear or obvious, and we find no plain error. *See Puckett*, 556 U.S. at 135. The judgment of sentence is AFFIRMED.