# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50241
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 17, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EVOLA LOWRY BRENT, also known as "C.C.",

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:07-CR-41-2

Before DAVIS, HAYNES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Evola Lowry Brent appeals the revocation of her supervised release following her conviction for possession with intent to distribute 50 grams or more of cocaine base "crack" within 1,000 feet of an elementary school and playground. Specifically, she contends that the district court plainly erred in imposing as a special condition of supervised release a restriction prohibiting her from traveling or residing in an area of Midland, Texas, known as "the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50241

Flats."  Brent argues that this geographical restriction, which was imposed without reasons, is overbroad and results in a greater deprivation of liberty than is reasonably necessary to achieve sentencing purposes.

As an initial matter, the Government argues that the waiver of appeal provision in Brent's original plea agreement bars consideration of this appeal. We pretermit discussion of the waiver issue because Brent is not entitled to relief on the merits.

A district court has "wide discretion to impose any supervised release condition that it considers to be appropriate." *United States v. Woods*, 547 F.3d 515, 517 (5th Cir. 2008).  "Supervised release conditions may include barring a defendant from frequenting specified kinds of places or from associating unnecessarily with specified persons."  *United States v. Rodriguez*, 558 F.3d 408, 412 (5th Cir. 2009) (internal quotation marks and citations omitted). Because Brent made no objection to the condition in the district court, we review her argument for plain error.  *See United States v. Phipps*, 319 F.3d 177, 192 (5th Cir. 2003).  To establish plain error, the appellant must show a forfeited error that is clear or obvious that affects her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  An error is not clear or obvious if it is subject to reasonable debate.  *Id.*  If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

It can be gleaned from the record that the special condition imposed in the instant case is reasonably related to the sentencing factors, particularly deterrence and rehabilitation.  *See* 18 U.S.C. § 3553(a)(2)(B), (a)(2)(D); *United States v. Caravayo*, 809 F.3d 269, 275 (5th Cir. 2015).  Furthermore, the condition contains an exception allowing Brent to travel or reside in "the Flats" with prior permission from her probation officer.  We have recognized "that a

2

modifiable condition such as this one works a less significant deprivation of liberty than one which cannot be altered." *United States v. Fields*, 777 F.3d 799, 806 (5th Cir. 2015). Accordingly, Brent has failed to show the district court plainly erred in imposing the special condition of supervised release. *See United States v. Ellis*, 720 F.3d 220, 228 (5th Cir. 2013). However, there is a conflict between the written judgment and the oral pronouncement regarding the exemption for having obtained the probation officer's permission. This exemption was announced in the oral imposition of sentence but not included in the written judgment. Accordingly, the sentence is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED to the district court for amendment of the written judgment to conform to the oral pronouncement. *See* FED. R. CRIM. P. 36.