# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 13, 2020

Lyle W. Cayce
Clerk

No. 19-50978

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DIANNA MICHELLE GALLOWAY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:12-CR-267-2

Before DAVIS, JONES, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Dianna Michelle Galloway violated the conditions of her supervised release by using marijuana and failing to complete inpatient substance abuse treatment for methamphetamine use. As a result, the district court revoked her supervised release and sentenced her to nine months' imprisonment and a subsequent term of two years' supervised release. Among other conditions

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

of release, the district court ordered that Galloway have "no contact" with her boyfriend, Shon Tomas Rushmore. Galloway appeals this condition, arguing that it is not reasonably related to the relevant sentencing factors and is overbroad, violating her First Amendment rights. We disagree and affirm the district court.

A district court has extensive discretion to impose supervised release conditions, but not unlimited discretion. *United States v. Paul*, 274 F.3d 155, 164 (5th Cir. 2001). First, conditions must be reasonably related to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) deterring criminal conduct; (3) protecting the public from the defendant's future crimes; or (4) providing the defendant with correctional treatment. *United States v. Miller*, 665 F.3d 114, 126 (5th Cir. 2011) (citing 18 U.S.C. §§ 3583(d), 3553(a)(1), 3353(a)(2)(B)-(D)). Second, conditions may not be more restrictive than necessary to achieve any of these latter-three goals. *Paul*, 274 F.3d at 165.

Here, both requirements are easily satisfied. Rushmore, like Galloway, has been convicted of a felony, has a long history of substance abuse, and has struggled to remain sober. Also, like Galloway, Rushmore has violated the conditions of his supervised release by engaging in illicit drug use—heroin—and failing to participate in drug treatment. In fact, Rushmore's own (second) revocation hearing occurred on the same day as Galloway's and in front of the same judge. Therefore, the judge, who knew of Galloway and Rushmore's romantic relationship, could reasonably conclude that the entanglement could be detrimental to preventing Galloway's recidivism, protecting the public, and providing Galloway with the correctional treatment she needs. *See United States v. Woods*, 547 F.3d 515, 517–18 (5th Cir. 2008) (per curiam). The condition is thus reasonably related to the goals of supervised release.

No. 19-50978

The condition is also sufficiently limited in scope. It does not, as Galloway suggests, ban unknowing contact. *See Paul*, 274 F.3d at 165–66 (reiterating that "associational conditions do not extend to casual or chance meetings" (internal quotation omitted)). Nor was the district court required to narrow the condition by allowing Galloway to have contact with Rushmore via phone or written communication. *See United States v. Caravayo*, 809 F.3d 269, 276 (5th Cir. 2015) ("The possibility of a less restrictive alternative is not necessarily fatal to a blanket condition . . . ."). The record provides sufficient evidence to demonstrate that prohibiting all contact with Rushmore is reasonably necessary to serve the goals of supervised release. So though prohibiting Galloway from having contact with her boyfriend is an infringement on her liberty, the infringement is reasonably necessary and, thus, permissible. *See Woods*, 547 F.3d at 519.

\* \* \*

The order of the district court is AFFIRMED.