**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 09-4091**

─────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ISAAC LEE SMATHERS, JR.,

                    Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Thomas David Schroeder, District Judge.  (1:08-cr-00327-TDS-1)

─────────

Submitted:  November 2, 2009      Decided:  November 13, 2009

─────────

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

─────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────

Benjamin D. Porter, MORROW ALEXANDER PORTER & WHITLEY, PLLC, Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Isaac Lee Smathers, Jr., timely appeals from the 220-month sentence and term of supervised release for life imposed following Smathers's guilty plea to one count of sexual exploitation of minors, in violation of 18 U.S.C. § 2251(a) (2006). Specifically, Smathers alleges that the district court erred in imposing a special condition of supervised release that forbids him from "possess[ing] or us[ing] a personal computer or any other means to access any 'on-line computer service' at any location (including employment) without the prior approval of the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network." We affirm Smathers's conviction, but vacate his sentence and remand for resentencing.

"District courts have broad latitude to impose conditions on supervised release." United States v. Dotson, 324 F.3d 256, 260 (4th Cir. 2003) (citation omitted). The court may impose any condition it deems appropriate, so long as it is "reasonably related" to: "the nature and circumstances of the offense and the history and characteristics of the defendant;" the need "to afford adequate deterrence to criminal conduct;" the need "to protect the public from further crimes of the defendant;" and the need "to provide the defendant with needed educational or vocational training, medical care, or other

2

correctional treatment in the most effective manner." 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), 3583(d)(1) (2006); see also Dotson, 324 F.3d at 260. The condition must not cause a "greater deprivation of liberty than is reasonably necessary" to achieve the above goals, 18 U.S.C. § 3583(d)(2), and must be consistent with Sentencing Commission policy statements. 18 U.S.C. § 3583(d)(3).

Generally, we review the district court's imposition of special conditions of supervised release for abuse of discretion. Dotson, 324 F.3d at 259. However, because Smathers failed to object to the special condition in the district court, we review for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights." Olano, 507 U.S. at 732. We are not required to correct a plain error unless "a miscarriage of justice would otherwise result," meaning that "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 736 (internal quotation marks, alteration, and citations omitted).

In this case, it is uncontested that Smathers's crime did not involve a computer or the Internet. Nor is there any evidence that Smathers has a history of using the computer or

3

Internet to obtain or disseminate child pornography. Thus, we find that the district court plainly erred because the special condition is not reasonably related to the § 3553(a) factors identified above, nor is it in line with the Sentencing Commission's policy statement recommending "[a] condition limiting the use of a computer or an interactive computer service in cases in which the defendant used such items" in committing a sex offense. U.S. Sentencing Guidelines Manual § 5D1.3(d)(7) (2008). Additionally, we have held that "[t]he terms and conditions of supervised release are a substantial imposition on a person's liberty." United States v. Maxwell, 285 F.3d 336, 342 (4th Cir. 2002). Thus, the erroneous imposition of a special condition of supervised release affected Smathers's substantial rights. See id.

Accordingly, we affirm Smathers's conviction, but vacate his sentence and remand for resentencing. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

4