# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued February 26, 2010          Decided July 16, 2010

No. 08-3085

UNITED STATES OF AMERICA,
APPELLEE

v.

AARON BURROUGHS,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:07-cr-00126-RJL-1)

*Tony Axam Jr.*, Assistant Federal Public Defender, argued the cause for appellant. With him on the briefs was *A. J. Kramer*, Federal Public Defender.

*Mary B. McCord*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief was *Roy W. McLeese III*, Assistant U.S. Attorney.

Before: SENTELLE, *Chief Judge*, BROWN and GRIFFITH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GRIFFITH.

Opinion concurring in part and dissenting in part filed by *Circuit Judge* BROWN.

GRIFFITH, *Circuit Judge*: Aaron Burroughs pled guilty to several offenses involving the sexual abuse of a minor and was sentenced to a term of imprisonment followed by supervised release. On appeal Burroughs challenges his sentence, including several special conditions of his release. For the reasons set forth below, we vacate two of the conditions and remand for further proceedings consistent with this opinion. Otherwise, we affirm.

## I.

S.G. was fourteen years old in the fall of 2005 when she met Burroughs, then a volunteer assistant football coach at her high school in Maryland. Not long afterwards, Burroughs introduced S.G. to prostitution. He became her pimp, taught her how much she could charge for various sex acts, and repeatedly took her to an area of the District of Columbia known for its high levels of prostitution. This misconduct continued until July 31, 2006, when police discovered S.G. engaged in prostitution in an automobile in Takoma Park, Maryland. S.G. directed the police to Burroughs, who was arrested later that evening.

Burroughs confessed to having vaginal and oral sex with S.G. and to arranging "dates" between her and several of his friends. He also led authorities to one of those friends, Michael Malloy, a U.S. Capitol Police Officer. Burroughs admitted to twice videotaping himself and Malloy engaging in sex acts with S.G.

Burroughs pled guilty to one count each of sexual exploitation of a minor, 18 U.S.C. § 2251(a) (2006); transportation of a minor to engage in prostitution, *id.*

§ 2423(a); and first degree child sexual abuse, D.C. CODE § 22-3008. His guideline range was 235 to 293 months' imprisonment. Based on Burroughs's substantial assistance in the investigation and prosecution of Malloy and others, the government authorized the court to grant a downward departure under § 5K1.1 of the Sentencing Guidelines and to impose a sentence below the statutory minimum in accordance with 18 U.S.C. § 3553(e). The government proposed imprisonment for 180 months, the statutory minimum for sexual exploitation of a minor. *See* 18 U.S.C. § 2251(e). Burroughs asked for a sentence of no longer than 120 months.

In granting the § 5K1.1 departure and selecting a sentence of 192 months' imprisonment and 120 months' supervised release, the district court explained that Burroughs deserved a longer sentence than Malloy's 180 months. *See* Sentencing Hr'g Tr. at 30 ("[Y]our sentence has to be greater than Malloy's to some degree to reflect the seriousness of your conduct, especially vis-à-vis his. But in light of your cooperation, it shouldn't be much greater."). The court also imposed, without explanation, numerous conditions of supervised release.

On appeal, Burroughs alleges his counsel at sentencing rendered ineffective assistance and challenges some of the conditions of his supervised release. We have jurisdiction under 18 U.S.C. § 3742(a)(1). *See United States v. Hankerson*, 496 F.3d 303, 304–05 (3d Cir. 2007) (ineffective assistance at sentencing); *United States v. Love*, 593 F.3d 1, 5–6 (D.C. Cir. 2010) (conditions of supervised release).

## II.

The Sixth Amendment right to counsel in "all criminal prosecutions" is the right to the effective assistance of

counsel. *See Strickland v. Washington*, 466 U.S. 668, 684–86 (1984). To prevail on a claim that he was denied this right, a defendant must show that his lawyer's representation was deficient in a way that caused him prejudice. *See id.* at 687. "To establish deficiency, [he] must show his 'counsel's representation fell below an objective standard of reasonableness.' To establish prejudice, he 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Porter v. McCollum*, 130 S. Ct. 447, 452 (2009) (quoting *Strickland*, 466 U.S. at 688, 694) (citations omitted).

Because the record will not often "disclose the facts necessary to decide either prong of the *Strickland* analysis," a claim of ineffective assistance ordinarily cannot be resolved on direct appeal. *Massaro v. United States*, 538 U.S. 500, 505 (2003). When a "defendant raises on appeal a colorable and previously unexplored claim of ineffective assistance," *United States v. Rashad*, 331 F.3d 908, 908 (D.C. Cir. 2003), our practice has been to remand to the district court to give the defendant an opportunity to develop the factual basis for his claim, *see United States v. Geraldo*, 271 F.3d 1112, 1115–16 (D.C. Cir. 2001). But "[w]e do not reflexively remand." *United States v. Harris*, 491 F.3d 440, 443 (D.C. Cir. 2007). To raise a colorable claim, the defendant must make "factual allegations that, if true, would establish a violation of his sixth amendment right to counsel." *United States v. Poston*, 902 F.2d 90, 99 n.9 (D.C. Cir. 1990). Once that threshold is cleared, we remand for an evidentiary hearing unless the "record alone conclusively shows that the defendant either is or is not entitled to relief." *Rashad*, 331 F.3d at 909–10 (internal quotation marks omitted).

Burroughs alleges that his lawyers should have had him evaluated by a mental health expert before he was sentenced. Although Burroughs could not have afforded the evaluation, the Criminal Justice Act (CJA) makes funding available for expert services "necessary for adequate representation" when the defendant "is financially unable to obtain them." 18 U.S.C. § 3006A(e)(1). According to Burroughs, his lawyers "realized" that his "mental health was relevant" to the sentencing decision and went so far as to suggest he undergo a mental health evaluation, but they failed to request CJA funding for one. Reply Br. at 5. If their failure to seek funding under the CJA "reflected ignorance of the law, rather than a reasonable strategic decision, . . . then the [attorneys'] performance must be deemed deficient." *United States v. Williams*, 358 F.3d 956, 964 (D.C. Cir. 2004) (emphasis omitted).

We assume, without deciding, that Burroughs's lawyers erred, but we do not remand because Burroughs has not raised allegations that, if proven at an evidentiary hearing, would show prejudice. Burroughs contends that a mental health evaluation could have led to evidence that could have resulted in a downward variance from the guideline range in addition to the downward departure he received under § 5K1.1. But this argument rests on the assumption that the district court would have provided funding for an evaluation.

Because "[i]t cannot be true . . . that a defendant always has a right to a psychiatrist under § 3006A," *United States v. Chavis*, 476 F.2d 1137, 1142 (D.C. Cir. 1973), the CJA requires a showing of necessity, *see, e.g.*, *United States v. Kennedy*, 64 F.3d 1465, 1470 (10th Cir. 1995) ("[T]he defendant must do more than allege that the services would be helpful."). "Necessity is made out where . . . a reasonable attorney would engage such services for a client having the

independent means to pay for them." *United States v. Anderson*, 39 F.3d 331, 343 (D.C. Cir. 1994) (internal quotation marks omitted), *rev'd on other grounds*, 59 F.3d 1323 (D.C. Cir. 1995) (en banc). Burroughs points to four factors he thinks demonstrate that expert mental health assistance was necessary in his case: the nature of the offense, his lack of prior convictions, his post-incarceration depression, and his request to enter a sex offender treatment program. *See* Reply Br. at 4. Setting aside for a moment his depression, the factors Burroughs invokes are present in the case of nearly *every* first-time sex offender seeking a mental health evaluation. Paid counsel regularly and ably represent their clients in these circumstances without the aid of expert psychologists. Clearly these allegations do not suffice to show the necessity of expert services under the CJA.

About his depression, the Presentence Investigation Report notes that Burroughs was briefly treated for "depression and adjustment disorder with depressed mood" following "a difficult adjustment to incarceration." PSR ¶ 41. Burroughs provides no reason to think that his trouble acclimating to prison indicates that he suffers from other, underlying mental health issues. Indeed, his initial difficulties may reflect nothing more than the normal course of adjustment to life in prison. *See* Craig Haney, *The Psychological Impact of Incarceration: Implications for Postprison Adjustment*, *in* PRISONERS ONCE REMOVED 33, 37–40 (Jeremy Travis & Michelle Waul eds., 2003). Without more—and Burroughs offers nothing more—his post-incarceration depression provides no basis for concluding that a mental health evaluation was necessary for adequate representation at sentencing. *See United States v. Anderson*, 547 F.3d 831, 833–34 (7th Cir. 2008).

Should an evidentiary hearing demonstrate the truth of everything Burroughs alleges, it still would not be reasonably probable that the district court would have granted him funding under the CJA. Without "any substantial issue that requires a determination of facts," *Poston*, 902 F.2d at 99 n.9, a remand is unwarranted. Burroughs's claim of ineffective assistance fails because he has not raised a colorable claim of prejudice under the second prong of *Strickland*.

## III.

A sentencing court has discretion to impose any condition of supervised release "it considers to be appropriate" so long as the condition is reasonably related to factors enumerated in 18 U.S.C. § 3553(a), involves no greater deprivation of liberty than is reasonably necessary, and is consistent with the Sentencing Guidelines. 18 U.S.C. § 3583(d). Burroughs challenges several conditions of his release as inconsistent with the relevant § 3553(a) factors. Before turning to his arguments, we address our standard of review.

## A.

In *United States v. Sullivan*, we explained that the standard of review for a challenge to a special condition of supervised release depends on whether the defendant first objected in the district court. 451 F.3d 884, 892–95 (D.C. Cir. 2006). When the defendant has done so, we review for abuse of discretion "how the trial court measured the conditions imposed against the statutorily enumerated sentencing goals." *Id.* at 895. But when the defendant has failed to raise the issue in the district court, we ask whether the condition "is so plainly out of sync with the statutory goals enumerated in

§ 3553(a) as to warrant reversal under a plain error standard of review." *Id.*; *accord Love*, 593 F.3d at 11, 14.[1]

Burroughs concedes that his lawyers did not contest in the district court the conditions he now challenges and that *Sullivan* calls for plain error review. He argues, however, that *Sullivan* is in tension with our subsequent decision in *United States v. Bras*, 483 F.3d 103 (D.C. Cir. 2007). In *Bras*, we held that a defendant need not lodge with the district court a specific objection to the reasonableness of the length of his prison sentence in order to avoid plain error review on appeal. *See id.* at 113. The argument over the length of imprisonment that ordinarily precedes sentencing is sufficient to preserve the issue. Requiring another challenge—expressly couched in terms of "reasonableness"—after the court has pronounced the sentence would exalt form over substance. *Id.* Burroughs argues that the logic of *Bras* likewise applies to challenges to supervised release conditions, eliminating the need to challenge such conditions before the district court. According to Burroughs, under this reasoning, a condition may be

---

[1] Every circuit agrees that the plain error standard governs when the defendant fails to make his position on a condition of supervised release known to the district court. *See United States v. Garrasteguy*, 559 F.3d 34, 41, 44 (1st Cir. 2009); *United States v. Simmons*, 343 F.3d 72, 80 (2d Cir. 2003); *United States v. Warren*, 186 F.3d 358, 362 (3d Cir. 1999); *United States v. Smathers*, 351 F. App'x 801, 802 (4th Cir. Nov. 13, 2009) (unpublished); *United States v. Balderas*, 358 F. App'x 575, 578–81 (5th Cir. Dec. 23, 2009) (unpublished); *United States v. Kingsley*, 241 F.3d 828, 837–38 (6th Cir. 2001); *United States v. Silvious*, 512 F.3d 364, 370 (7th Cir. 2008); *United States v. Alvarez*, 478 F.3d 864, 866–68 (8th Cir. 2007); *United States v. Rearden*, 349 F.3d 608, 618–19 (9th Cir. 2003); *United States v. Fabiano*, 169 F.3d 1299, 1307 (10th Cir. 1999); *United States v. Moran*, 573 F.3d 1132, 1137, 1139–40 (11th Cir. 2009).

challenged in the first instance on appeal, where it will be reviewed for abuse of discretion rather than plain error.

We think Burroughs misreads *Bras* and adhere to the view that "[t]he proper standard of review here is plain error." *Sullivan*, 451 F.3d at 894. When a defendant fails to preserve a substantive challenge to a special condition of supervised release under 18 U.S.C. § 3583(d)(1), the court of appeals can vacate the condition only if it is "plainly out of sync with" the relevant statutory factors. *Id.* at 895.

"The very word 'review' presupposes that a litigant's arguments have been raised and considered in the tribunal of first instance." *Freytag v. Comm'r*, 501 U.S. 868, 895 (1991) (Scalia, J., concurring in part and concurring in the judgment). The federal rules require that a party timely inform the trial court of either "the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection." FED. R. CRIM. P. 51(b). Errors "not brought to the court's attention" are subject to review only for plain error. FED. R. CRIM. P. 52(b). The *Bras* court did not suggest otherwise. The government argued in *Bras* that the length of a sentence should be reviewed only for plain error when the defendant did not object that the sentence imposed was "unreasonable." We disagreed. "Reasonableness," we explained, "is the standard of appellate review, not an objection that must be raised upon the pronouncement of a sentence." *Bras*, 483 F.3d at 113 (citation omitted). The defendant need not "label his sentence 'unreasonable' before the sentencing hearing adjourn[s]" "[s]ince the district court will *already* have heard argument and allocution from the parties and weighed the relevant § 3553(a) factors before pronouncing sentence." *Id.* (quoting *United States v. Castro-Juarez*, 425 F.3d 430, 434 (7th Cir. 2005)) (emphasis added). In other words, objecting to the "reasonableness" of the

sentence is unnecessary because a defendant's arguments that the § 3553(a) factors favor a shorter sentence have already notified the court of the grounds for "the action the party wishes the court to take." FED. R. CRIM. P. 51(b). The rules require no more to avoid plain error review. *See United States v. Rashad*, 396 F.3d 398, 401 (D.C. Cir. 2005); *United States v. Morgan*, 581 F.2d 933, 939 n.16 (D.C. Cir. 1978); *see also United States v. Bartlett*, 567 F.3d 901, 910 (7th Cir. 2009) (requiring a "reasonableness" objection from a defendant who has already argued for a lower sentence would be inconsistent with Rule 51(b)).

*United States v. Russell*, 600 F.3d 631 (D.C. Cir. 2010), which we decided after oral argument in this case, is of no help to Burroughs. In *Russell*, we reviewed a defendant's challenge to the reasonableness of the length of his supervised release. *See id.* at 633–36. The defendant was sentenced to a term of supervised release of thirty years despite having argued at his sentencing hearing that five years would be more appropriate. *See* Reply Br. at 4 n.1, *United States v. Russell*, 600 F.3d 631 (D.C. Cir. 2010) (No. 08-3120); *see also* Sentencing Hr'g Tr. at 13, *United States v. Russell*, Crim. No. 06-176 (Sept. 28, 2006) ("I was going to ask you for a period of three years supervised release, but if you think that that would be too short, to impose a period of five years supervised release, and require counseling when he's released."). Like Bras, however, Russell did not expressly object to the reasonableness of the district court's sentencing determination after it was made. *Russell*, 600 F.3d at 633. As to the standard of review, "we [found] the reasoning in *Bras* to be persuasive," *id.* at 634, and held "that we review claims of substantive reasonableness for abuse of discretion, regardless of whether an objection *on those terms* was made," *id.* at 633 (emphasis added).

Under *Bras* and *Russell*, a defendant's argument to the district court regarding the length of his term of imprisonment or supervised release preserves for appeal the issue of whether the sentence imposed was unreasonable. He need not also take exception to the reasonableness of the sentence once it is pronounced. Even if the same principle applied to conditions of supervised release, the defendant in this case did not oppose the challenged conditions at any point—not in his sentencing memorandum, not in allocution before the sentence was pronounced, and not after it was imposed. Where, as here, the defendant altogether fails to inform the court that he opposes a condition of supervised release, *Bras* and *Russell* are inapposite. Instead, *Sullivan* controls, and the "appellate court reviews for plain error under [Rule 52(b)]." *Sullivan*, 451 F.3d at 894 (internal quotation marks and citation omitted).

In applying Rule 52(b), we will vacate a plainly erroneous condition of supervised release only if it impinges upon the defendant's "substantial rights," FED. R. CRIM. P. 52(b), in a way that "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings,'" *United States v. Olano*, 507 U.S. 725, 736 (1993) (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)).

**B.**

Burroughs challenges three conditions that restrict his computer use. These conditions require him (1) to submit to Probation Office monitoring of his computer use and to pay for the monitoring technology himself; (2) to keep a daily log of any Internet activity unrelated to his employment; and (3) to inform potential employers of any computer-related conditions of his supervised release.[2] We consider the

---

[2] The challenged conditions read:

monitoring and log-keeping conditions together and vacate both, but we affirm the employer-notification requirement.

Burroughs did not use a computer to facilitate his crimes. We are told that he owns a computer, that the government searched it after his arrest, and that the search turned up nothing illegal. The government did not recommend that the court impose any supervised release conditions related to computers. *See* Gov't Memorandum in Aid of Sentencing at 17. The Probation Office did, but neither the Probation Office nor the district court explained its reasons for restricting Burroughs's computer access. Not knowing the court's reasons for imposing these conditions, finding the government's reasons unsupported by the record, and unable to identify any ourselves, we vacate the conditions as plainly out of sync with the relevant factors and remand for further proceedings.

Section 3583(d)(1) of Title 18 requires that discretionary conditions of supervised release be "reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D)." Those factors are: "the nature and circumstances of the offense and the history and

---

Computer Search – . . . . Defendant shall allow installation of any hardware or software systems to monitor his computer use and shall pay for the cost of such monitoring equipment.

Computer Restriction – Defendant shall maintain a daily log of all addresses accessed by way of any computer, other than those authorized for employment, and he shall make the log available to the Probation Office for review. Defendant shall consent to third party disclosure to any employer or potential employer, concerning any computer related restrictions that are imposed upon defendant.

Judgment at 4.

characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the need "to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B); the need "to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C); and the need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," *id.* § 3553(a)(2)(D).

The government does not even attempt to argue that the computer restrictions are reasonably related to two of the statutory factors: the history and characteristics of the defendant and the need to provide general deterrence to criminal conduct. We can nevertheless affirm, the government contends, because the restrictions are consistent with the nature and circumstances of the offense, the need to protect the public from further crimes of the defendant, and the need to provide the defendant with needed educational and vocational training, medical care, or other correctional treatment.

We disagree that the computer restrictions are reasonably related to "the nature and circumstances of the offense." *Id.* § 3553(a)(1). The government argues that these restrictions are related to Burroughs's conduct because the Internet can be used to arrange sexual encounters with minors and to advertise minors for prostitution. Of course it can. But from drug dealers to Ponzi schemers and smugglers to stalkers— nearly any criminal can use the Internet to facilitate illegal conduct. That an offense is sometimes committed with the help of a computer does not mean that the district court can restrict the Internet access of anyone convicted of that offense.

If Internet restrictions were appropriate for every defendant convicted of a sex offense against a minor, we

think the Sentencing Guidelines would say so. *See United States v. Perazza-Mercado*, 553 F.3d 65, 77 (1st Cir. 2009) ("The Sentencing Commission creates such generally applicable conditions of supervised release, not appellate judges."). Section 5D1.3(d)(7) of the Guidelines recommends conditions of supervised release for every defendant convicted of a sex offense against a minor. U.S. SENTENCING GUIDELINES MANUAL § 5D1.3(d)(7) (2007); *see also id.* § 5D1.2 cmt. n.1. Conditions "limiting the use of a computer or an interactive computer service" make the list, but only "in cases in which the defendant used such items." *Id.* § 5D1.3(d)(7)(B). By implication, restrictions on computer or Internet access are not *categorically* appropriate in cases where the defendant did not use them to facilitate his crime. The government points to no facts making the computer restrictions reasonably related to the nature and circumstances of Burroughs's offense that would not also make computer restrictions appropriate for every defendant convicted of the same crimes. We cannot affirm the conditions on this ground. *Cf. United States v. Peterson*, 248 F.3d 79, 83 (2d Cir. 2001) (holding that a restriction on computer and Internet use was not "reasonably necessary" to protect the public or the family of a defendant convicted of incest or to serve any other § 3553(a)(2) goal when the offense lacked "any connection to computers or to the Internet").

Nor can it be said that restricting Burroughs's computer access satisfies a need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). This sentencing factor turns on "the likelihood that [the defendant] will . . . commit crimes in the future." *United States v. Mason*, 966 F.2d 1488, 1496 (D.C. Cir. 1992); *see, e.g.*, *United States v. Gardellini*, 545 F.3d 1089, 1095 (D.C. Cir. 2008) (noting that the district court's finding that the defendant "posed no risk of recidivism" was "directly relevant" to the need to

protect the public and other § 3553(a) factors). The government suggests that because Burroughs's contact with minors will be restricted after his release from prison, "the Internet is a likely avenue for obtaining the access he will not otherwise have" should he "choose to resume the behavior that resulted in his convictions." Appellee's Br. at 30. This is nothing but post hoc conjecture. The district court did not find Burroughs, a first-time offender, likely to recidivate let alone use a computer in doing so. Indeed, in explaining its decision to sentence Burroughs to 192 months' imprisonment, the court mentioned nearly every § 3553(a) factor *but* the need to protect the public. *See* Sentencing Hr'g Tr. at 28–30. Because the court did not find Burroughs likely to return to his illegal course of conduct and did not explain why it deemed the computer restrictions appropriate, we have no reason to think the court shared the government's speculation.

The government finally suggests that the computer restrictions will provide Burroughs with needed correctional treatment under 18 U.S.C. § 3553(a)(2)(D). Making passing reference to this factor, the government refers us to *United States v. Johnson*, which states that "[r]estrictions on Internet use may serve several sentencing objectives, chiefly therapy and rehabilitation, as well as the welfare of the community (by keeping an offender away from an instrumentality of his offenses)." 446 F.3d 272, 281 (2d Cir. 2006). In affirming an Internet ban for a defendant who repeatedly used the Internet to lure minors for sex, *see id.* at 274, the *Johnson* court explained that an Internet restriction would "serve[] as an external control to predatory Internet behavior, standing in for [his] deficient internal controls," *id.* at 281–82. But Burroughs, unlike Johnson, did not use the Internet as an instrument of his offense. There is no reason to think that restricting his computer use would have any therapeutic value.

16

Having determined that the Internet monitoring and log-keeping conditions are not reasonably related to the statutory factors, we ask whether the district court's error was plain. The government first argues that the absence of controlling precedent from this court or the Supreme Court prevents us from answering 'yes.' The lack of case law squarely on point does "militate against" finding plain error, *United States v. Blackwell*, 694 F.2d 1325, 1342 (D.C. Cir. 1982), but it is not dispositive, *In re Sealed Case*, 573 F.3d 844, 851–52 (D.C. Cir. 2009). It is sufficient that the challenged conditions of supervised release are "plainly out of sync" with the factors listed in § 3583(d)(1). *Sullivan*, 451 F.3d at 895; *see also Olano*, 507 U.S. at 734 ("'Plain' is synonymous with 'clear' or, equivalently, 'obvious.'").

We agree with the circuits that have held similar computer restrictions to be plainly erroneous in closely analogous circumstances. Like Burroughs, the defendant in *United States v. Smathers* was convicted of sexual exploitation of a minor; like Burroughs, he did not use a computer in committing the offense of conviction; and like Burroughs, he had no prior history of illicit computer use. 351 F. App'x 801, 802 (4th Cir. Nov. 13, 2009) (unpublished). The Fourth Circuit held that the condition was plainly inconsistent with the statutory factors and inconsistent with § 5D1.3 of the Guidelines. *Id.* And in *United States v. Barsumyan*, the Ninth Circuit vacated a computer restriction imposed on a defendant twice convicted of credit card frauds in which he did not use a computer, holding that the sentencing court had plainly erred. 517 F.3d 1154, 1160–62 (9th Cir. 2008). In some cases involving computer restrictions imposed on a defendant with no history of illegal computer use, courts have remanded for clarification, *United States v. Stanfield*, 360 F.3d 1346, 1354 (D.C. Cir. 2004), or for the district court to consider less burdensome alternatives,

*Perazza-Mercado*, 553 F.3d at 73–74. But the government does not direct us to a single case in which a court of appeals has affirmed the imposition of such a condition, and its inability to articulate a reasonable justification for the condition that finds support in the record leads us to conclude the district court plainly erred.

Contrary to the government's contention, *Stanfield* does not support the district court's decision. In *Stanfield*, we remanded for clarification of an Internet restriction imposed on a defendant who had a "history of identity theft" but "had not used the internet in the commission of those crimes." 360 F.3d at 1349. The court expressly declined "to address the validity of the internet restriction [under § 3583 and the First Amendment] in the absence of a clearer understanding of its scope." *Id.* at 1353. We decline to read into that act of judicial restraint an implicit conclusion that the condition was reasonable under the statutory factors. *Cf. Sullivan*, 451 F.3d at 895. In any case, even the government's reading of *Stanfield* suggests nothing more than that in some cases restrictions on a defendant's Internet access may be reasonably related to some of the § 3583(d)(1) factors even when he does not use a computer to commit his crime. We do not foreclose that possibility. On remand, the district court may reconsider whether the vacated conditions are appropriate in light of the statutory factors. But when the sentencing court does not explain why it imposes a special condition of supervised release, the government is unable to offer a reasonable justification supported by the record, and this court cannot discern the basis for the condition, we cannot affirm even under the plain-error standard.

We turn next to whether the district court's error impacted the defendant's "substantial rights." FED. R. CRIM. P. 52(b); *see also United States v. Marcus*, 560 U.S. ___

(2010). A sentencing error affects substantial rights when there is a reasonable likelihood it impacted the sentence. *See United States v. Saro*, 24 F.3d 283, 287–88 (D.C. Cir. 1994); *see also id.* at 288 ("[T]he burden of persuasion in showing 'prejudice' should be somewhat lighter in the sentencing context [than for errors committed at trial]."). The district court imposed the challenged conditions without explaining its reasons, and the record does not allow us to infer what those reasons might have been. It might be that no explanation is possible. Although the district court may ultimately decide on remand that Internet monitoring and log-keeping conditions are appropriate, it is reasonably likely that the court will reconsider its previous decision and decline to impose these conditions a second time. *See Perazza-Mercado*, 553 F.3d at 78 ("[T]here is a reasonable probability that the court might not have imposed the prohibition if it had fulfilled its obligation to explain the basis for the condition or at least made sure that the record illuminated the basis for the condition.").

Our final consideration is whether "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *In re Sealed Case*, 573 F.3d at 852. The district court imposed supervised release conditions that were inconsistent with the statutory factors and did so without explanation. A sentencing court's failure to explain its reasoning may hinder effective appellate review and undermine the perceived fairness of sentencing proceedings. *See In re Sealed Case*, 527 F.3d 188, 193 (D.C. Cir. 2008). To avoid those "institutional harm[s]," *id.*, we will exercise our discretion to correct the error by vacating the conditions requiring Burroughs to keep a daily log of his Internet activity and to submit to monitoring of his computer use. If the district court chooses to impose the same conditions on remand, it

should explain its reasoning and develop the record in support of its decision.

That leaves the related requirement that Burroughs notify potential employers of "any computer related restrictions" imposed as conditions of his supervised release. Judgment at 4. We leave this condition intact. The district court provided for periodic, unannounced examinations of Burroughs's computer—a condition he has not appealed. When the Probation Office conducts its searches, it will have access not only to Burroughs's personal data but to any work-related information stored on his computer as well. We see no reason why potential employers should not be made aware of that fact.

## C.

Burroughs also challenges the condition requiring that he not have direct or indirect contact with children or loiter in places where children congregate.[3] This condition is both overly broad and impermissibly vague, Burroughs argues, and would inhibit his reintegration into the community following

---

[3] The condition on contact with children is part of a broader restriction, which reads in full:

> Contact Restriction – *Defendant shall have no direct, or indirect, contact with children, age 18 or younger, and refrain from loitering in any place where children congregate, including but not limited to residences, arcades, parks, playgrounds, and schools.* Defendant shall not reside with a child or children under the age of 18 without the expressed and written approval of the minor's legal guardian and the written permission of the Court.

Judgment at 4 (emphasis added). Burroughs contests only the italicized portion of the condition.

imprisonment. We affirm the imposition of this condition but do so only after clarifying its scope.

The government tells us that associational restrictions like this one do not prohibit incidental or unintentional contact with minors. Appellee's Br. at 36–38. That observation finds support in our survey of the case law. *See, e.g.*, *Johnson*, 446 F.3d at 281 ("Generally, supervised release provisions are read to exclude inadvertent violations."); *United States v. Loy*, 237 F.3d 251, 269 (3d Cir. 2001) ("[I]t is well established that associational conditions do not extend to . . . chance meetings." (citing *Arciniega v. Freeman*, 404 U.S. 4, 4 (1971) (per curiam))). Read against the backdrop of this assumption about associational conditions, the restriction on "indirect" contact was clearly meant to reach contact by means of a computer, phone, other device, or a third-party intermediary—not inadvertent or chance contact. *Cf. Johnson*, 446 F.3d at 280–81; *United States v. Paul*, 274 F.3d 155, 166 (5th Cir. 2001). Burroughs says the condition would be unobjectionable if it did not encompass unintentional or incidental encounters. Reply Br. at 14 n.2. Construing the condition in a manner acceptable to both parties, we affirm the imposition of the restriction on contact with children.

### D.

We conclude by briefly addressing the contention that Burroughs's lawyers were ineffective in failing to object to the challenged conditions of supervised release. A reasonable attorney would have objected, according to Burroughs, and thereby avoided plain error review on appeal. Our resolution of the appeal moots this argument with respect to all the challenged conditions except the employer-notification requirement. As to that condition, counsel was not deficient in failing to object. "The Sixth Amendment . . . does not pledge

perfection," *United States v. Hurt*, 527 F.3d 1347, 1357 (D.C. Cir. 2008), and any defect in the condition is not so obvious that counsel's silence signals incompetence, *see id.*

## IV.

We vacate the supervised release conditions that require the defendant to "allow installation of any hardware or software systems to monitor his computer use and . . . pay for the cost of such monitoring equipment" and to "maintain a daily log of all addresses accessed by way of any computer, other than those authorized for employment, and . . . make the log available to the Probation Office for review," and remand for further proceedings consistent with this opinion. In all other respects, we affirm.

*So ordered.*

BROWN, *Circuit Judge*, concurring in part and dissenting in part: I agree appellant has not presented any colorable claim that his counsel at trial or at sentencing was unconstitutionally ineffective. I also agree unpreserved challenges to his supervised release conditions should be reviewed under a plain error standard. I disagree, however, with the result of this decision and would affirm the district court's sentence in all respects. My disagreement operates at two levels. First, I do not believe appellant identified any errors so obvious that they satisfy the demanding plain error standard. Second, the plain error the court identifies is chimerical: at the same time substantive *and* procedural. This oddity, I believe, raises a broader question regarding how this circuit treats procedural sentencing challenges.

Although the principle is familiar, it bears restating that courts rarely grant relief when reviewing for plain error. Such relief is appropriate only in exceptional cases in which the district court has been so egregiously derelict that it causes a miscarriage of justice to hang like a specter over the judicial process. *See United States v. Frady*, 456 U.S. 152, 163 (1982); *United States v. Atkinson*, 297 U.S. 157, 160 (1936). In appellant's case, it is difficult to characterize the monitoring and logging of his Internet usage as plainly and obviously illegal as a substantive matter. And when such modest conditions are placed on the freedom of a criminal who preyed upon and sexually exploited a child for fun and profit, I see no specter.

In my view, the computer conditions at issue are not akin to the full computer use bans found to be unreasonable in the cases to which the court analogizes. *See* Maj. Op. at 16. Appellant is not restricted from using a computer or from visiting any Internet site; he is only subject to monitoring. So while the court is correct that the U.S. Sentencing Guidelines suggest limits on computer use only for sex offenders who used computers in their crimes, this suggestion is irrelevant.

More helpful is the Guidelines' suggestion that *all* sex offenders be subject to "a search, at any time, with or without a warrant . . . [of any] computer, or other electronic communication or data storage devices or media . . . by any probation officer in the lawful discharge of the officer's supervision functions." U.S. SENTENCING GUIDELINES MANUAL § 5D1.3(d)(7)(C). That suggestion opens a wide avenue for the conditions appellant challenges in this case.

To counter that reasoning, appellant cites no case—and the court finds none—in which monitoring and logging of a sex offender's Internet usage was found to be incommensurate with the generally worded factors referenced in 18 U.S.C. § 3583(d)(1). The court recognizes this, volunteers that a lack of precedent militates against a finding of plain error, and even cites a case of this court holding that issues of first impression present plain error only when they tread upon "a well-established constitutional or legal principle," *United States v. Blackwell*, 694 F.2d 1325, 1342 (D.C. Cir. 1982). *See* Maj. Op. at 16. However, the court goes against the grain of precedent by stating that the conditions at issue "are 'plainly out of sync' with the factors listed in § 3583(d)(1)." Even putting aside that the conditions can be easily justified on the basis of the statute's deterrence and public protection factors, the court's statement is hard to square with its later contention that it is not foreclosing the possibility that the conditions "may be reasonably related to some of the § 3583(d) factors" on remand, Maj. Op. at 17. If the court is not foreclosing reasonableness, it is *a fortiori* foreclosing plain error.

My opinion up to this point treats appellant's appeal as a *substantive* challenge to his release conditions, and the court insists it does the same in its opinion. But by contemplating that the conditions could be rehabilitated on remand with

further explanation, the court appears to ascribe *procedural* plain error to the district court for not connecting the conditions to the relevant statutory factors. *See* Maj. Op. at 12 ("Not knowing the court's reasons for imposing these conditions . . . we vacate the conditions as plainly out of sync with the relevant factors."). This wrinkle in the court's opinion deserves more discussion, first because a proper procedural analysis would still not result in a finding of plain error and, second, because it sheds light on a latent problem in this circuit's caselaw regarding procedural sentencing appeals.

If viewed as a procedural challenge, appellant's argument for plain error would be stronger, but ultimately unsuccessful. 18 U.S.C. § 3553—the portion of the U.S. Code pertaining to the imposition of a sentence—mandates that a court "at the time of sentencing, shall state in open court the reasons of its imposition of the particular sentence." 18 U.S.C. § 3553(c). This court has held that failure to provide such a statement to support the length of a prison sentence is plain error. *See In re Sealed Case*, 527 F.3d 188, 193 (D.C. Cir. 2008). But what we have not yet held is that failure to provide reasons for conditions of release is plain error. In fact, we have held the opposite, albeit in a brief dismissal of an equally brief argument. *See United States v. Sullivan*, 451 F.3d 884, 896 (D.C. Cir. 2006) (finding no plain error where appellant proffered a "terse contention" that the district court failed to "substantiate" conditions of supervised release).

There is tension between those two holdings, and it hinges on whether conditions of supervised release are part of the "sentence" that § 3553 requires to be supported by a statement of reasons. It is arguable they are, since the statutory section regulating release conditions authorizes courts to include conditions "as part of the sentence." 18

U.S.C. § 3583(a). And it seems logical that if courts must explain one deprivation of liberty, they must explain others as well.

But the question is also arguable the other way. The structure of Title 18 indicates sentences and release conditions are separate concepts: it discusses them in separate, non-consecutive sections. Looking specifically at § 3583, it does not contain a requirement that courts explain the imposition of release conditions and it does not reference the explanation requirement in § 3553. When § 3583 does reference § 3553, it only borrows factors to be considered in crafting release conditions, s*ee id.* § 3583(c), implying that the omission of a reference to § 3553's explanation requirement is deliberate.

The point of this opinion is not to resolve this question. The only issue in this case, assuming a procedural challenge, is whether the district court's failure to explain release conditions was an obvious enough error to constitute plain error. As demonstrated by the foregoing discussion, any procedural error was far from clear. But there will no doubt be a case—perhaps in the near future—in which this court will have to provide clarity.