# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-1094**  (Mingo County 07-F-14)

**Jonathan Andrew Mounts,**
**Defendant Below, Petitioner**

**FILED**

**October 7, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner and defendant below Jonathan Andrew Mounts, by counsel John H. Bryan, appeals the Circuit Court of Mingo County's "Order Denying Petition for Termination of Term of Supervised Release, or in the Alternative, for Modification of Terms of Supervised Release" entered on October 6, 2015. The State of West Virginia, by counsel Nic Dalton, filed a response. Petitioner submitted a reply. On appeal, petitioner argues that because certain restrictive conditions of his supervised release are not related to the underlying offense, his supervised release should be terminated or the conditions thereof modified.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2005, petitioner sexually assaulted his mentally impaired first cousin.[1] According to the criminal complaint, the victim became pregnant as a result of the assault; the victim did not report the assault until it was discovered that she was pregnant, the fact of which she was unable to detect due to her mental impairment.[2]

Petitioner pled guilty to one count of third-degree sexual assault. *See* West Virginia Code § 61-8B-5(a)(1) (stating, in part, that "[a] person is guilty of sexual assault in the third degree when: (1) The person engages in sexual intercourse or sexual intrusion with another person who is mentally defective or mentally incapacitated . . . ."). A pre-sentence investigation report was

---

[1] According to the victim, petitioner forced her to perform oral sex on him before forcing her to have sexual intercourse.

[2] The sexual assault was not reported until August of 2006, which was approximately eight months after the assault and one month before the victim gave birth to petitioner's child.

thereafter prepared. The report included petitioner's "version" of what transpired, as follows:

> I'd been drinking a little, I was watching something I shouldn't have been watching and she come in. I ask her if she had ever done anything like that. She said she had, I ask her if she wanted to me [sic] and she said yes and she did.

On June 14, 2007, petitioner was sentenced to a term of not less than one nor more than five years of incarceration. He was also ordered to serve fifteen years of supervised release upon the expiration of his sentence, pursuant to West Virginia Code § 62-12-26(a) (providing extended supervision for certain sex offenders, including any defendant convicted of a violation of, inter alia, West Virginia Code § 61-8B-5, "as part of the of the sentence imposed at final disposition . . . in addition to any other penalty or condition imposed by the court," for up to fifty years). Petitioner was released from incarceration by the West Virginia Board of Probation and Parole ("Parole Board") on March 10, 2008, and then discharged from parole on June 30, 2009.

For reasons that are unclear from the record, petitioner was not placed on supervised release until December 20, 2011. Petitioner claims that although he should have begun serving his fifteen year term of supervised release upon his discharge from parole, the Parole Board failed to advise him that he was obligated to establish contact with probation services for this purpose. When probation services made contact with petitioner in December of 2011, it apparently determined that petitioner's failure to establish contact with probation services was unintentional.

The conditions of petitioner's supervised release include, among other things, prohibitions on direct and indirect contact with minors and the possession of obscene or pornographic material, and restrictions on the use of computers and the internet. Conditions on petitioner's computer use include, inter alia, allowing the installation of monitoring software by petitioner's probation officer to monitor or limit computer use; "obtain[ing] prior written permission from the probation officer to access any Internet Service Provider relay service that provides access to any external lines of communication. This includes, but is not limited to, electronic bulletin boards, electronic mail systems, chat rooms or ListServs[;]" "provid[ing] the probation officer with a current list of all computer equipment used by you, including back-up systems[;]" and "not access[ing] any computer, including those not at your residence, without prior written permission from the probation officer."

On June 6, 2012, petitioner filed a motion to reconsider his sentence and to terminate the remaining term of his supervised release. It is unclear from the record whether the circuit court ruled on this motion. On February 17, 2014, petitioner filed a motion to terminate his supervised release. By order entered March 11, 2014, the circuit court denied petitioner's motion and ordered that petitioner not refile said motion for one year.

On May 7, 2014, petitioner was discharged from sex offender treatment at a counseling facility for repeated viewing of pornographic material using his employer's computer and

internet service.[3] As a result, petitioner was arrested for violating two conditions of his supervised release: the requirement that he "attend, actively participate in, and successfully complete a court-approved sex offender treatment program" and the prohibition against the possession of "obscene matter as defined [by statute] . . . including but not limited to: videos . . . and material downloaded from the Internet. . . ."

By order entered June 4, 2014, the circuit court revoked petitioner's sex offender supervised release and sentenced him to sixty days in a state correctional facility pursuant to West Virginia Code § 62-12-26(g)(3). The circuit court further ordered that, upon completion thereof, petitioner continue the fifteen years of supervised release without any loss of time.

On June 23, 2015, petitioner filed a petition for termination of supervised release, or in the alternative, for modification of the terms of the same. Following a hearing on the matter, the circuit court denied petitioner's motion by order entered October 6, 2015. This appeal followed.

On appeal, petitioner argues that the circuit court committed constitutional error in refusing to terminate or modify his supervised release because the conditions on his internet and computer usage and contact with minors are "wholly unrelated" to the underlying crime of which he was convicted. Petitioner acknowledges that this Court has previously held that West Virginia Code § 62-12-26 is not facially unconstitutional on cruel and unusual punishment, due process, or double jeopardy grounds. *See State v. Hargus*, 232 W.Va. 735, 753 S.E.2d 893 (2013*). See also State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Nonetheless, relying primarily on the fact-specific analyses of *United States v. Heckman*, 592 F.3d 400 (3rd Cir. 2010), and *United States v. Burroughs*, 613 F.3d 233 (D.C.Cir. 2010), he contends that the blanket restrictions on his computer and internet use and the restrictions with regard to contact with minors are overly broad and, *as applied to him*, unconstitutional. Specifically, petitioner argues that neither the pre-sentence psychological evaluation nor the sentencing order suggests that the underlying crime involved or related to the use of computers or the internet or involved a minor.[4] Petitioner further argues that by prohibiting access to computers, he is restricted in finding employment because job applications must be completed online. He states that he is also restricted in advancing in employment in his chosen field of surveying because the use of computers is required. According to petitioner, the prohibition against contact with minors has resulted in his inability to attend church services and family functions where children are present. Petitioner contends

---

[3] In a May 21, 2014, letter to petitioner's probation officer from Jason E. Newsome, the director of the treatment facility from where petitioner was terminated after he admitted to viewing pornographic material at work, Mr. Newsome noted that petitioner "has had a long-standing problem with sexual preoccupation which is perpetuated and exacerbated by the use of pornography[,]" and that his "continued accessing of pornography is deemed to be high risk behavior." Mr. Newsome further noted that petitioner's "history of using[,] accessing and viewing child pornography while on supervision (after parole and prior to beginning active supervision with probation) is a significant concern." According to Mr. Newsome's letter, petitioner's readmission to the treatment program was contingent upon the imposition of "significant sanctions."

[4] The victim in this case, though severely mentally impaired, was thirty-one years old.

3

that he has endured the term of supervised release thus far without incident and is being unfairly isolated from the rest of society.

This Court has noted that the conditions of supervised release imposed by a circuit court are derivative of a defendant's original sentencing order. *State v. Hedrick*, 236 W. Va. 217, 223, 778 S.E.2d 666, 672 (2015). As such, we follow our standard of review with regard to sentencing orders in criminal cases: "'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus Point 1, in part, *State v. Lucas,* 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. Watkins,* 214 W.Va. 477, 590 S.E.2d 670 (2003). *Accord Hedrick*, 236 W.Va. at 223, 778 S.E.2d at 672.

Upon our careful review of the record in this case, we find no constitutional error and, therefore, no abuse of discretion by the circuit court. Despite petitioner's characterization to the contrary, the conditions of supervised release do not completely ban his use of computers. Rather, the conditions provide for monitoring of petitioner's computer use (such as requiring that he provide passwords), prohibiting him from altering or destroying computer records or using encryption or other means to limit access by probation officers, requiring that he permit announced and unannounced searches of his computer to verify compliance of the conditions of supervised release, requiring that he obtain prior written permission from his probation officer before accessing any computer, etc. Likewise, petitioner is permitted to obtain prior written permission to access the internet. While these conditions are extensive, and, arguably, inconvenient, they do not completely prohibit petitioner from using computers as he claims.

With regard to petitioner's argument that the conditions are overly broad as applied to him because his underlying crime did not involve the use of a computer or contact with a minor, petitioner relies on *Heckman*, in which the Third Circuit Court of Appeals concluded that a lifetime ban—without exception—on internet use was excessive in length and too broad in coverage, constituting a greater deprivation of liberty than was reasonably necessary. 592 F.3d at 408. Similarly, in *Burroughs*, the Court of Appeals for the District of Columbia concluded that the condition of supervised release requiring the defendant to submit to monitoring of his computer use and to keep a log of his internet activity was not reasonably related to the need to provide correctional treatment where the underlying offense of sexual abuse of a minor did not involve the use of the internet. 613 F.3d at 243. We find these cases to be unpersuasive and distinguishable from the case sub judice.

As previously established, the conditions of supervised release do not completely bar petitioner's use of computers. Furthermore, in petitioner's statement to police, he advised that the assault occurred when the victim entered the room where he "was watching something I shouldn't have been watching," and when—referring to what he was watching—petitioner asked her "if she had ever done anything like that." Petitioner then forced the victim to perform oral sex on him before forcing her to have sexual intercourse. Moreover, as argued by the State, the restrictions on petitioner's contact with minors are warranted. The State describes the victim as "like a child" given the undisputed fact that the victim was so severely mentally impaired that she was unable to detect her own pregnancy until shortly before giving birth. Though petitioner dismisses such arguments because the sentencing order did not make any specific findings with

4

regard to computers, the internet, or minors, the circuit court clearly considered, and this Court cannot ignore, the undisputed facts surrounding the sexual assault of this mentally impaired victim.

Based upon all of the above, we find no abuse of discretion in the circuit court's October 5, 2015, order denying petitioner's motion for termination or modification of his supervised release.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 7, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II