# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 22-3087

September Term, 2023

FILED ON: MAY 24, 2024

UNITED STATES OF AMERICA,
                APPELLEE

v.

TROY ANTHONY SMOCKS, ALSO KNOWN AS KENNETH HARRIS, ALSO KNOWN AS TONY SANDERS, ALSO KNOWN AS VINCENT SHELTON, ALSO KNOWN AS TROY PEREZ,
                APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-cr-00198-1)

Before: WILKINS and RAO, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

## J U D G M E N T

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. The court has afforded the issues full consideration and determined they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the following reasons, it is

**ORDERED** and **ADJUDGED** that the judgment of the district court be **AFFIRMED**.

\*    \*    \*

The district court imposed computer monitoring as a condition of Troy Smocks's supervised release. Later, the district court modified Smocks's supervised release conditions to allow the Probation Office to install monitoring software and to conduct reasonable suspicion searches. Smocks appeals, claiming the changes are overbroad and overly restrict his activities.

I.

Smocks was indicted for sending threats in interstate commerce based on his social media posts. *See* 18 U.S.C. § 875(c). He pleaded guilty and "agree[d] to waive the right to appeal the

1

sentence in this case, including but not limited to any … term or condition of supervised release."

Following Smocks's plea, the Probation Office filed a revised presentencing report recommending "computer monitoring/search" as a special condition of supervised release. Smocks did not object to the presentencing report. The district court imposed a sentence of fourteen months of imprisonment and thirty-six months of supervised release with the computer monitoring condition.

Smocks did not appeal his sentence, and he completed his term of imprisonment. During Smocks's supervised release term, the Probation Office filed a petition informing the court that Smocks's supervised release conditions did not explicitly permit the Office to install computer monitoring software or to conduct reasonable suspicion searches on electronic devices that Smocks did not report to the Office. The Probation Office requested modification under 18 U.S.C. § 3583(e)(2) to add two conditions. The first would "allow the probation officer to install computer monitoring software" on Smocks's electronic devices. The second would require Smocks to "submit [his] computers … to a search," contingent on the Probation Office having "reasonable suspicion" that Smocks violated a condition of supervised release.

Smocks objected, alleging the proposed modifications were overbroad and chilled his speech. Smocks also contended the new conditions would expose attorney-client work product because he works as a legal assistant, conducting research in his case and "sharing his experiences" and research with other criminal defendants.

The district court observed that formal modification might not be required because the original conditions "strongly implied" that monitoring software "would be installed" and "provided … [for] periodic unannounced searches of any computers subject to computer monitoring." Nevertheless, the district court adopted the requested modifications. Smocks timely appealed.

II.

At the outset, the government maintains this appeal is barred by Smocks's appeal waiver because the district court merely clarified rather than modified Smocks's supervised release conditions. Alternatively, the government avers that Smocks's waiver covers modifications to supervised release conditions. We disagree.

First, the written judgment states that Smocks's "conditions of supervised release are MODIFIED." At the hearing, the judge similarly characterized the changes as a modification and stated that she considered the statutory guidelines listed in 18 U.S.C. § 3583(e)(2). Irrespective of whether a formal modification was necessary, the district court ordered a modification under § 3583(e)(2).

Second, Smocks's appeal waiver covered only the original "sentence in this case," not a subsequent modification to that sentence under § 3583(e)(2). *See United States v. Lonjose*, 663 F.3d 1292, 1300 (10th Cir. 2011) ("[S]imilar to a modification of a term of imprisonment … post-conviction proceedings pursuant to § 3583 create a right of appeal that is separate from a defendant's right to appeal his original sentence."); *see also United States v. Wilson*, 707 F.3d 412,

2

415 (3d Cir. 2013) (same). Smocks did not waive his right to appeal a sentence modification under § 3583(e)(2).

III.

Smocks may bring his appeal, but it fails on the merits. Smocks preserved only one claim on appeal: that the modifications to his supervised release conditions would infringe on his ability to work as a legal assistant. We review this claim for abuse of discretion. *United States v. Burroughs*, 613 F.3d 233, 240 (D.C. Cir. 2010); *see also United States v. Legg*, 713 F.3d 1129, 1131 (D.C. Cir. 2013) ("Sentencing judges … are … afforded wide discretion when imposing terms and conditions of supervised release.").

The district court did not abuse its discretion when rejecting Smocks's claim. While a condition "shrink[ing] … employment opportunities to the vanishing point" and not "reasonably necessary" for any sentencing purpose may constitute an abuse of discretion, Smocks's conditions are not so restrictive. *United States v. Malenya*, 736 F.3d 554, 560 (D.C. Cir. 2013). Smocks does not allege that he is employed as a legal assistant or that he receives payment for his services. His legal work is more akin to a hobby, and the conditions do not meaningfully reduce his employment opportunities. *Cf. United States v. Paul*, 274 F.3d 155, 170–71 (5th Cir. 2001) (upholding a supervised release condition preventing the defendant from "pursuing his interests in photography and repairing cameras" because those interests were "mere hobbies").

Smocks failed to preserve his remaining claims. He asserts the district court abused its discretion in ordering what he characterizes as unbounded software monitoring, chilling his speech and infringing his privacy, without weighing whether there were less intrusive means of achieving deterrence and public safety. But this claim is not a challenge to the condition modifications; rather, Smocks is belatedly challenging the initial computer monitoring condition, which he failed to object to at his original sentencing. Because the initial condition already required that Smocks's computers be subject to monitoring, ordering installation of the software necessary to accomplish that monitoring was a de minimis modification.

He also argues for the first time that the installation condition, permitting periodic searches of his computers to prevent tampering, contradicts the Probation Office's requested condition to conduct reasonable suspicion searches. As neither claim was raised before the district court, we review only for plain error. *Legg*, 713 F.3d at 1132. Under that demanding standard, Smocks must demonstrate that a plain or obvious legal error affected his substantial rights and that the error seriously affected the fairness, integrity, or public reputation of the judicial proceeding. *See United States v. Accardi*, 669 F.3d 340, 344 (D.C. Cir. 2012).

Smocks has not established any error, let alone one that calls into question the fairness, integrity, or public reputation of judicial proceedings. The computer monitoring condition does not prevent Smocks from generally using computers or the internet, and the condition does not otherwise restrict his speech. Furthermore, the condition is tailored. Smocks used an electronic device to commit the offense of conviction, and the district court observed "he has an extensive history of using … electronic devices to commit crimes." In similar cases, we have upheld computer monitoring conditions, recognizing that monitoring may deter future criminal conduct

3

and protect public safety without unnecessarily infringing on free speech and privacy interests. *See, e.g.*, *Legg*, 713 F.3d at 1130–31 (upholding computer monitoring conditions when the defendant used a computer to solicit sex from a minor).

As for the search condition, the government asserts it requested the ability to conduct reasonable suspicion searches of Smocks's electronic devices to investigate supervised release violations missed by the monitoring software. Although the search condition may overlap in part with the computer monitoring condition, authority to search facilitates the investigation of a wider range of potential supervised release violations. If anything, the search condition is less intrusive than the original monitoring condition, which contained no reasonable-suspicion requirement or any other limitation on the monitoring of Smocks's computers. And "[w]e assume the Probation Office will reasonably exercise its discretion" when conducting searches to enforce supervised release conditions. *See United States v. Love*, 593 F.3d 1, 12 (D.C. Cir. 2010). There is no plain error here.

\* \* \*

For the foregoing reasons, we affirm the judgment of the district court. Pursuant to D.C. Circuit Rule 36(d), this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after the resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
   Daniel J. Reidy
   Deputy Clerk

4